820 So.2d 467 (2002)
STATE of Louisiana
v.
Erran FLEMING and Kevin Trainor.
No. 2001-KA-2799.
Supreme Court of Louisiana.
June 21, 2002.
*468 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Valentin M. Solino, Claire A. White, Roger W. Jordan, Jr., Carol A. Kolinchak, Clive Adrian Stafford Smith, New Orleans, Richard C. Teissier, Kenner, Arcenious F. Armond, Jr., Gretna, Counsel for Appellants.
VICTORY, J.
On September 3, 1998, defendants were each charged by bill of indictment with first degree murder in violation of La. R.S. 14:30. On July 11, 2001, the trial court quashed the indictment, finding: (1) that the defendants presented a prima facie case of discrimination in the selection of grand jury forepersons in violation of the due process and equal protection clauses of the Fourteenth Amendment; and (2) that former La.C.Cr.P. art. 413(C) was unconstitutional as a local or special law in violation of La. Const. Art. III, § 12. The State has appealed this ruling, asserting that this Court has jurisdiction pursuant to Article V, § 5(D)(1) of the Louisiana Constitution. However, after reviewing the record and the applicable law, we find that this Court lacks jurisdiction under Article V, § 5(D)(1) and we transfer this case to the Fourth Circuit Court of Appeal for further proceedings.

FACTS AND PROCEDURAL HISTORY
On July 7, 1998, Kevin Wooldridge was murdered at his French Quarter residence during the course of an armed robbery. Defendants, Kevin Trainor and Erran Fleming, were subsequently arrested and indicted by an Orleans Parish Grand Jury for his murder.
Defendants filed motions to quash the indictments, arguing that former La. C.Cr.P. art. 413(C),[1] governing the selection of grand jurors in Orleans Parish, was unconstitutional.[2]
In their Motions to Quash, the defendants asserted that La.C.Cr.P. art. 413(C) violated their Fourteenth Amendment Due Process and Equal Protection rights because it did not provide for random selection of grand jury forepersons. They also argued that the statute was unconstitutional as a local or special law in violation of La. Const. Art. III, § 12. Subsequently, the defendants filed a Supplement to the *469 Motion to Quash, arguing that the statutory exclusion of felons from grand jury service violated state and/or federal constitutional rights.
The trial court held several hearings on the matter, and reviewed evidence which included the records of the makeup of Orleans Parish grand juries from 1987-2000, the testimony of the judge who presided over the grand jury which issued the indictments in this case, and the testimony of two expert witnesses. On July 11, 2001, the trial court issued a ruling quashing the defendants' indictments, finding that the defendants presented, and the State failed to rebut, a prima facie case of discrimination in the selection of grand jury forepersons between 1987 and 2000 in violation of the Fourteenth Amendment, that La. C.Cr. P. Art. 413(C) was unconstitutional as a local or special law, and pretermitted all other contentions.
The State filed a Notice of Appeal and Order for Stay, notifying the court of its intention to appeal to this Court. Defendant Trainor filed a Motion and Order for Appeal, notifying the court of its intention to appeal to the court of appeal.[3] The record was lodged in this Court and the case was scheduled for oral argument.
In its brief, the State argued four "Assignment of Errors." The first three assignments alleged errors in the trial court's finding that the defendants demonstrated a prima facie case of discrimination in the selection of grand jury forepersons between 1987 and 2000, in violation of the equal protection clause, and due process clause of the Fourteenth Amendment and that the State failed to rebut that finding.[4] However, these issues do not fall under this Court's appellate jurisdiction under Article V, § 5(D)(1) of the Constitution, which provides in pertinent part that "a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional ...." Because the trial court did not declare former La. C.Cr.P. art. 413(C) unconstitutional on its face, but only held that the law was applied in a discriminatory manner in violation of the Fourteenth Amendment, jurisdiction is proper as to these issues only in the Fourth Circuit Court of Appeal and not in this Court.
*470 The other issue presented here on direct appeal is the trial court's holding that La.C.Cr.P. art. 413(C) is unconstitutional as a local or special law in violation of La. Const. Art. III, § 12. However, "we have consistently held that courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, the resolution of this is essential to the decision of the case or controversy." Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance, 98-0601 (La.10/20/98), 720 So.2d 1186, 1199; see also Louisiana Associated Gen. Contr. v. New Orleans Aviation Bd., 97-0752 (La.10/31/97), 701 So.2d 130 ("A court should not reach or determine constitutional issues unless, in the context of a particular case, the resolution of such issues is necessary to decide the case"); Cameron Parish Sch. Bd. v. Acands, Inc., 96-0895 (La.1/14/97), 687 So.2d 84; White v. West Carroll Hosp., Inc., 613 So.2d 150 (La.1992). This Court recently dealt with a similar issue in State v. Smith:
The State of Louisiana invokes the appellate jurisdiction of this court pursuant to La. Const. Art. V, § 5(D), on the ground that the district court declared La. R.S. 15:304 and 15:571.11 unconstitutional.
The district court's judgment is based upon its interpretation of La. R.S. 15:304 and 15:571.11, but in the alternative the district court declares the statutes unconstitutional. Having resolved the questions presented in this case on statutory grounds, the district court was premature in reaching the issue of constitutionality and any further statements by the court concerning the constitutionality of the statutes are dicta. See Cat's Meow, Inc. v. City of New Orleans, [supra] (courts should refrain from deciding the constitutionality of legislation when the case can be disposed of on non-constitutional grounds).
State v. Smith, 01-3128 (La.1/11/01), 805 So.2d 133.
Here, having found that former La. C.Cr.P. art. 413(C) was unconstitutionally applied in violation of the Fourteenth Amendment and quashing the indictments on that basis, the trial judge should have refrained from also determining that La. C.Cr.P. art. 413(C) was unconstitutional under La. Const. Art. III, § 12(a)(3) as a local or special law because "resolution of that issue was not essential to the decision of the case or controversy." Cat's Meow, supra. As in Smith, "the district court was premature in reaching the issue of constitutionality [under La. Const. Art. III, § 12(a)(3)] and any further statements by the court concerning the constitutionality of the statute [under La. Const. Art. III, § 12(a)(3)] are dicta." 805 So.2d at 133.

CONCLUSION
Contrary to the State's allegations, this Court is without jurisdiction over this matter under Article V, § 5(D)(1) of the Louisiana Constitution. Having made a finding that resolved the case on grounds not involving the constitutionality of the statute, the trial court was obliged to refrain from addressing the constitutionality of La. C.Cr.P. art 413(C).

DECREE
For the foregoing reasons, the ruling of the trial court declaring La.C.Cr.P. art. 413(C) unconstitutional as a local or special law under La. Const. Art. III, § 12(a)(3) is vacated and the case is transferred to the Fourth Circuit Court of Appeal to be treated as an appeal by the State and the defendants on all other grounds properly raised in this Court.
*471 DECLARATION OF UNCONSTITUTIONALITY VACATED; TRANSFERRED TO THE FOURTH CIRCUIT COURT OF APPEAL.
NOTES
[1] Prior to its repeal by Acts 2001, No. 281, § 2, Article 413(C) provided:

In the parish of Orleans, the court shall select twelve persons plus a first and second alternate for a total of fourteen persons from the grand jury venire, who shall constitute the grand jury. The court shall thereupon select one of the jurors to serve as foreman. (Emphasis added.)
In parishes other than Orleans, Article 413(B) provided for a different method of selecting grand juries:
In parishes other than Orleans, the court shall select one person from the grand jury venire to serve as foreman of the grand jury. The sheriff shall draw indiscriminately and by lot from the envelope containing the remaining names on the grand jury venire a sufficient number of names to complete the grand jury. The envelope containing the remaining names shall be replaced into the grand jury box for use in filling vacancies as provided in Article 415. (Emphasis added.)
[2] Defendant Trainor filed a Motion to Quash the Indictment on June 30, 2000, and defendant Fleming filed a Motion to Quash the Indictment on August 25, 2000. All motions filed by one defendant were deemed adopted by the other defendant.
[3] Defendant Trainor then filed a "Petition for Writ of Certiorari and to Review and Appeal the Decision of the Trial Court" in this Court, arguing that the trial court erred in granting the state the right to appeal.
[4] Specifically, the State assigned as errors the following:

I. The trial court erred in quashing the indictments issued against the defendants, Kevin Trainor and Erran Fleming, when these defendants have not suffered any constitutional injury in that the body of individuals comprising the grand jury which indicted them constituted a fair representation of the Orleans Parish community; no evidence of substantial under representation of a recognizable class or race was presented to the trial court; and the trial court does not doubt that the selecting judge exercised his discretion in good faith and without abuse.
II. The trial court erred in quashing the indictments against these defendants on grounds of Equal Protection and Due Process violations, finding that the defendants established a prima facie case of discrimination in the selection of Orleans Parish grand jury forepersons from 1987-2000, when the only data presented to the court was incomplete and the relevant data does not show substantial under representation of a recognizable class or race.
III. The trial court erred in quashing the indictments against the defendants based on Fourteenth Amendment Due Process grounds concerning the selection of Orleans Parish grand jury forepersons when the foreperson is selected from the ranks of already seated grand jurors, and the role of the foreperson in Louisiana is largely ministerial in nature.