835 So.2d 423 (2003)
Gary L. RING, individually and on behalf of all others similarly situated,
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, and the Division of Weights and Standards.
No. 2002-CA-1367.
Supreme Court of Louisiana.
January 14, 2003.
*424 James J. Bolner, Jr., Keith M. Detweiler, Berrigan, Litchfield, Schonekas & Mann, New Orleans; Richard P. Ieyoub, Attorney General, Counsel for Applicant.
Nathan M. Bandaries, Kenneth A. Goodwin, New Orleans, Robert G. Creely, Gretna, *425 Amata & Creely, Counsel for Respondent.
WEIMER, Justice.
This case is before us as a direct appeal from district court judgments declaring LSA-R.S. 32:389, both prior to and after its August 15, 2001 amendment, unconstitutional. Because we find that the district court erred and addressed the constitutional issue prematurely, we reverse the judgments and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
On March 9, 2000, Gary Ring, an Illinois resident, was operating an eighteen wheel vehicle owned by Landstar/Ligon on the interstate highway near Toomey, Louisiana, in Calcasieu Parish when he was stopped by a Calcasieu Parish Deputy and subsequently ticketed by an employee of the Department of Transportation and Development, Division of Weights and Standards, for failing to stop at a stationary weight enforcement scale, a violation of LSA-R.S. 32:388. At the time of the offense, the violation carried a fine of $2,000.00. Pursuant to LSA-R.S. 32:389, Ring, as a non-Louisiana resident, was required to pay the fine or face impoundment of his truck and cargo until such time as the fine was paid. Ring paid the fine under protest and sought administrative review of the citation before the Department of Transportation and Development's Violation Ticket Review Committee ("VTRC"). His protest was denied by the VTRC on June 15, 2000.
On March 8, 2001, Ring instituted suit against the State of Louisiana, Department of Transportation and Development, and the Division of Weights and Standards ("W & S"). Ring's petition, styled a "Petition for Damages and Recognition as a Class Action," alleges that the enforcement and collection procedures set forth in LSA-R.S. 32:389 violate the constitutional rights of both resident and non-resident truck drivers who are issued citations by W & S personnel. In particular, Ring asserts that non-resident truck drivers are deprived of a substantive property right and liberty interest when, without notice or opportunity to be heard at a pre-deprivation hearing, they are required to pay fines "on the spot" or face impoundment of their vehicles. Ring alleges that because Louisiana truckers are not subject to these requirements, the State has placed an unfair burden upon non-residents in violation of the Equal Protection Clause of the United States Constitution and has impeded the free flow of interstate commerce. Further, Ring alleges that the enforcement and collection procedures set forth in LSA-R.S. 32:389 fail to provide both resident and non-resident truck drivers a meaningful pre-deprivation or post-deprivation hearing prior to the collection of fines or the seizure of property and the suspension of driving privileges in violation of the Due Process guarantee of the Fourteenth Amendment to the United States Constitution. Such action, Ring alleges, constitutes state action in violation of 42 U.S.C. § 1983. Ring's petition seeks certification as a class action, a declaration of the illegality and/or unconstitutionality of LSA-R.S. 32:389 and damages.
The State responded to Ring's petition by filing exceptions of prescription and no cause of action. The prescription exception avers that Ring's suit was not filed within ninety days of payment of the assessed penalty as required by LSA-R.S. 32:389(C)(4)(a), and is therefore prescribed on its face. The no cause of action exception alleges that Ring's pleading fails to satisfy the requirements for class certification set forth in LSA-C.C.P. art. 591, and, *426 in addition, challenges Ring's qualifications to represent the putative class.
On October 26, 2001, Ring filed a motion for partial summary judgment, seeking a declaration that LSA-R.S. 32:389 is unconstitutional. The motion came on for hearing on December 3, 2001, prior to resolution of the pending exceptions of prescription and no cause of action, prior to answer being filed by the State, and prior to class certification. At the close of argument, and over the State's objection, the district court granted Ring's motion and declared LSA-R.S. 32:389, in its form prior to its August 15, 2001 amendment, unconstitutional. In oral reasons, the court ruled that the statute violates the Equal Protection and Due Process guarantees and, in addition, violates the provisions of the Louisiana Administrative Procedure Act, specifically LSA-R.S. 49:955 et seq.
In the meantime, during the pendency of this proceeding, LSA-R.S. 32:389 was amended pursuant to Acts 2001, No. 1201, § 1, which became effective on August 15, 2001. The amended statute reduced the fine to $500.00 and set forth new procedures for the review of violations and payment of fines. On December 26, 2001, Ring filed a second motion for partial summary judgment and, alternatively, for partial new trial seeking a declaration that the amended version of the statute is also unconstitutional. On February 21, 2002, the district court signed a judgment granting Ring's second motion for partial summary judgment and declaring LSA-R.S. 32:389, as amended, unconstitutional. The court found that the amendment did not cure the constitutional defects in the statute. The court certified the judgments on both motions for partial summary judgment as final and the State appealed. This court has jurisdiction over that appeal pursuant to Article V, § 5(D)(1) of the Louisiana Constitution of 1974 which provides this court with appellate jurisdiction over all cases in which "a law or ordinance has been declared unconstitutional."

DISCUSSION
The State first contends that the district court erred in ruling prematurely on the constitutionality of LSA-R.S. 32:389, arguing that the court should have resolved the issues of class certification and the exceptions of prescription and no cause of action prior to reaching the constitutional issue. The State contends that it objected to the trial court addressing the motion for summary judgment prior to resolving these threshold issues, but the district court overruled its objection. Ring argues that, to the contrary, the parties agreed to try the constitutional issue in advance of class certification, and that the district court was bound by that agreement.
We have repeatedly and consistently held that courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, the resolution of the constitutional issue is essential to the decision of the case or controversy. State v. Fleming, 2001-2799 (La.6/21/02), 820 So.2d 467, 470; Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance, 98-0601 (La.10/20/98), 720 So.2d 1186, 1199; Louisiana Associated Gen. Contractors, Inc. v. New Orleans Aviation Bd., 97-0752 (La.10/31/97), 701 So.2d 130, 132; Cameron Parish Sch. Bd. v. AcandS, Inc., 96-0895 (La.1/14/97), 687 So.2d 84, 87; White v. West Carroll Hosp., Inc., 613 So.2d 150, 157 (La.1992). Further, our jurisprudence counsels that the practice of courts is "never to anticipate a question of constitutional law in advance of the necessity of deciding it." Matherne v. Gray Ins. Co., 95-0975 (La.10/16/95), 661 So.2d 432, 434; Communist Party of U.S. v. Subversive *427 Activities Control Bd., 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961) (citing Liverpool, New York & Philadelphia S.S. Co. v. Commissioners, 113 U.S. 33, 5 S.Ct. 352, 28 L.Ed. 899 (1885)); Arizona v. California, 283 U.S. 423, 51 S.Ct. 522, 75 L.Ed. 1154 (1931). Courts should avoid constitutional rulings when the case can be disposed of on non-constitutional grounds. Blanchard v. State Through Parks and Recreation Commission, 96-0053 (La.5/21/96), 673 So.2d 1000, 1002.
The rationale for this policy of judicial restraint has been said to lie "in all that goes to make up the unique place and character, in our scheme, of judicial review of governmental action for constitutionality." Rescue Army v. Municipal Court of City of Los Angeles, 331 U.S. 549, 571, 67 S.Ct. 1409, 1421, 91 L.Ed. 1666 (1947). Its foundations, longstanding and firmly rooted in our jurisprudence, derive from "the delicacy of that function, particularly in view of possible consequences for others stemming also from constitutional roots; the comparative finality of those consequences; the consideration due to the judgment of other repositories of constitutional power concerning the scope of their authority; the necessity, if government is to function constitutionally, for each to keep within its power, including the courts; the inherent limitations of the judicial process, arising especially from its largely negative character and limited resources of enforcement; withal in the paramount importance of constitutional adjudication in our system." Id. Courts should both respect legislative enactments and at the same time seek to provide substantial remedies to wrongly aggrieved persons. It is the balancing of these oftentimes competing directives that leads to the general rule: a judge should not judicially declare a statute unconstitutional unless it is essential to the decision of a case or controversy. Board of Com'rs of Orleans Levee Dist. v. Connick, 94-3161 (La.3/9/95), 654 So.2d 1073, 1076.
The ripeness doctrine is a tool designed to determine when judicial review is appropriate. As we explained in Matherne v. Gray Ins. Co., 95-0975 (La.10/16/95), 661 So.2d 432, 435: "Generally, the ripeness doctrine is viewed as being both constitutionally required and judicially prudent. `The prudential restrictions result from the fact that most courts would rather avoid speculative cases, defer to finders of fact with greater subject matter expertise, decide cases with fully-developed records, and avoid overly broad opinions, even if these courts might constitutionally hear a dispute.'" Matherne, supra, quoting Gregory M. Stein, Regulatory Takings and Ripeness in the Federal Courts, 48 Vand.L.Rev. 1, 11 (1995). In Matherne, we identified two elements that are relevant in establishing the ripeness of a case: (1) the hardship to the parties if a court does not decide; and (2) the fitness of the issues for decision. Id. If a party will be significantly injured by a court's failure to decide an issue quickly, if the record is well developed and the risk of a speculative or overly broad opinion is thereby lessened, then the issue is more likely fit for decision. Id. On the other hand, Louisiana has never had a provision authorizing the court to issue advisory opinions, and, until a controversy becomes concrete and focused, it is difficult for the court to evaluate the practical merits of the position of each party. "If a record is concrete rather than abstract in nature, the Court may find a way of interpreting the statute to avoid or minimize the constitutional issue." RONALD D. ROTUNDA & JOHN E. NOWAK, TREATISE ON CONSTITUTIONAL LAW § 2.13 (2d. ed.1992). Moreover, there is a possibility that if the court waits for an *428 actual controversy, the whole constitutional problem may be eliminated by later developments. Matherne, 661 So.2d at 436.
While there is no doubt that this Court has the power and authority to address the constitutional issue presented by the district court's ruling in this case, we are not required to do so. We are only obligated to rule if the procedural posture of the case and the relief sought by the appellant demand that we do so. Matherne, 661 So.2d at 436. In this instance, we find that the case is not in the proper procedural posture for a ruling on the constitutional issue. Our learned colleague on the district court need not have, and from our perspective, should not have entertained the plaintiff's partial summary judgment motions and declared LSA-R.S. 32:389 unconstitutional prior to resolution of the pending exceptions of prescription and no cause of action.[1] The case was clearly not in a posture to render the issue of the constitutionality of LSA-R.S. 32:389 ripe for resolution. In fact, the record in this matter reveals that the plaintiff's summary judgment motions were acted on prior to issue being joined as an answer was not filed by the defendant, in clear contravention of the provisions of LSA-C.C.P. art. 966(A). Moreover, the pending prescription and no cause of action exceptions specifically raise issues relative to the named plaintiff's standing to bring this action. If the named plaintiff, Gary L. Ring, will not benefit from a judgment determining LSA-R.S. 32:389 to be unconstitutional because his right to recover the amount of the fine paid under protest is prescribed,[2] then he does not have any rights in controversy sufficient to give him standing to bring this action. See Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance, 720 So.2d at 1199-1200 (district court was required to address issue of whether plaintiffs had standing to pursue tax refund before reaching constitutionality of ordinance); Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697, 708 (La.1993).
In a supplemental brief to this Court, Ring argues that the ninety day period provided by LSA-R.S. 32:389(C)(4) in which an owner or driver who pays an assessed penalty under protest must institute a civil suit against the department to recover the penalty so paid "is a patent breach of the truck driver's constitutional rights of due process," and that to "return to the trial court for that determination would seem to be an exercise in futility." However, the constitutionality of the time limitation in LSA-R.S. 32:389(C)(4) was not raised below and there is absolutely no proof in the record regarding how that limitation is so short as to deny a litigant due process.[3] Ring's attempt in this instance to circumvent the State's prescription exception by asking the court to reach the issue of the constitutionality of the *429 statute vel non does not warrant deviation from our requirements relative to ripeness and standing.
Ring's standing to bring this action challenging the constitutionality of LSA-R.S. 32:389both prior to and after its amendment[4]was directly challenged in the no cause of action exception filed by the State and pretermitted by the district court's ruling on the partial summary judgment motions. Whether the parties agreed to try the merits of the constitutional argument first, as Ring contends,[5] or whether the State objected to proceeding without first resolving the pending exceptions of prescription and no cause of action, as the State contends,[6] we find that the district court erred in reaching the constitutional issue at this juncture in the proceedings. If Ring has no ultimate interest in seeking to have LSA-R.S. 32:389 declared unconstitutional, either because his claim for recovery of the fine paid under protest is prescribed and/or because he was ticketed and fined under the pre-amendment version of the statute and he seeks a declaration of the unconstitutionality of the statute both pre- and post-amendment, then any declaration of unconstitutionality by the district court is an impermissible advisory opinion. See, Church Point Wholesale Beverage Co., Inc. v. Tarver, supra.
In summary, we find that the district court need not have, and indeed should not have, entertained Ring's summary judgment motions prior to resolution of the threshold issues of prescription and standing. The judgments in the district court were premature. Ring will not be significantly injured by this Court's failure to decide the constitutional issue now because, depending on the resolution of the pending exceptions, the constitutional challenge may not materialize in this case. The record is not well-developed, issue not having been joined. Indeed, the case must be remanded for that reason alone, to allow an adequate record to be developed. A speculative ruling will thereby be avoided.
Because we find that the district court reached the constitutionality of LSA-R.S. 32:389, both prior to and post amendment, prematurely, we vacate and set aside the summary judgments granted below and remand this case to the district court for further proceedings in accordance with the views expressed in this opinion.

DECREE
For the foregoing reasons, we vacate and set aside the judgments of the district court granting plaintiff's motion for partial summary judgment and second motion for partial summary judgment. This case is remanded to the district court for further proceedings consistent with this opinion and the reasons expressed therein.
JUDGMENTS VACATED AND CASE REMANDED.
NOTES
[1] We pretermit addressing whether the class certification issue must be resolved before the constitutional issues.
[2] Ring was ticketed and paid his assessed fine under protest on March 9, 2000. This suit was instituted on March 8, 2001, well outside the ninety day period provided in LSA-R.S. 32:389(C)(4) for instituting suit against the department to recover fines paid under protest.
[3] The test for determining the constitutional validity of a limitation statute is whether it allows a reasonable time for the assertion of the right or the enforcement of the obligation; the legislature is primarily the judge of the reasonableness of the time allowed. Atchafalaya Land Co. v. F.B. Williams Cypress Co., 146 La. 1047, 1064, 84 So. 351 (1920), affirmed, 258 U.S. 190, 42 S.Ct. 284, 66 L.Ed. 559 (1922). Unless the time allowed is so short as to amount to a denial of justice, the courts will not interfere. Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950).
[4] Ring was ticketed and fined under the pre-amendment version of LSA-R.S. 32:389, and not the post-amendment version of the statute.
[5] As indicated, courts should avoid constitutional rulings when the case can be disposed of on non-constitutional grounds. Blanchard, supra. Absent exceptional circumstances not obvious from our review of this matter, the parties cannot thwart this principle of judicial restraint by stipulating the constitutional issues will be resolved prior to resolution of other issues.
[6] The record does not definitely substantiate the contention of either party in this regard.