PER CURIAM.
Gary Ring, an Illinois resident, filed the instant suit against the State of Louisiana (“State”), arguing that La. R.S. 32:389 was unconstitutional, on the ground the statute deprived non-resident truck drivers of a substantive property right and liberty interest by requiring them to pay fines “on the spot” or face impoundment of their *1109 vehicles. The district court granted partial summary judgment in favor of Mr. Ring and found La. R.S. 32:389 unconstitutional. The State appealed that judgment to this court. In Ring v. State, Dept. of Transp. and Development, 02-1367 (La.1/14/03), 835 So.2d 423 {“Ring I”), we vacated as premature the judgment of the district court which declared La. R.S. 32:389 unconstitutional. We remanded the case to the district court to resolve pending exceptions filed by the State of Louisiana, including an exception of prescription, in which the State argued Mr. Ring did not file his suit within ninety days of payment of the assessed penalty as required by La. R.S. 32:389(C)(4)(a).
On remand, the district court denied the State’s exception, finding La. R.S. 32:389(C)(4)(a) was “unreasonable.” The State appealed this ruling in this court. In Ring v. State, Dept. of Transp. and Development, 03-1772 (La.6/27/03), 847 So.2d 1281 (“Ring II”), we determined the appellate jurisdiction of this court was not invoked and therefore remanded the case to the court of appeal. On remand, the court of appeal ordered the district court to make “a specific finding” as to whether La. R.S. 32:389(C)(4)(a) was unconstitutional. Pursuant to the court of appeal’s directions, the district court, without the benefit of briefing and argument by the parties, declared the statute unconstitutional. Pursuant to La. Const. art. V, § 5(D), the State of Louisiana invokes the appellate jurisdiction of this court to review this judgment.
Based on our review of the record, we find the district court has not passed on the merits of the exception of prescription, as we directed in our opinion in Ring I.[1] Under these circumstances, it was premature for the district court to reach the constitutionality of La. R.S. 32:389(C)(4)(a). Accordingly, we must vacate the district court’s judgment and remand the case to the district court to determine the merits of the State’s exception of prescription and other pending exceptions, as directed in our opinion in Ring I.[2]
DECREE
For the reasons assigned, the judgment of the district court declaring La. R.S. 32:389(C)(4)(a) unconstitutional is vacated and set aside. The case is remanded to the district court for further proceedings consistent with this opinion.

. Although the district court purportedly denied the State's exception, it is obvious from the record that the district court did not address the merits of the exception and instead went directly to the constitutional issue.

. In the event the prescription issue is decided adversely to Mr. Ring, it may be appropriate for Mr. Ring to raise the constitutionality of the statute at that time.