# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1597


CONNIE HITCHCOCK

VERSUS

STATE  OF LOUISIANA, ET AL.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 76183
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE
**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**


Peters, J., dissents and assigns written reasons.

**Michael B. Miller**
**Miller & Miller**
**P. O. Box 1630**
**Crowley, LA 70527-1630**
**Counsel for Plaintiff/Appellant:**
     **Connie Hitchcock**

**John J. Rabalais**
**Janice B. Unland**
**David S. Pittman**
**Heather W. Blackburn**
**Rabalais, Unland & Lorio**
**5100 Village Walk, #300**
**Covington, LA 70433**
**Counsel for Intervenor/Appellee:**
     **Heritage Manor Nursing Home**

**Tina Vicari Grant**
**Louisiana Dept. of Justice**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**Counsel for Defendant/Appellee:**
     **State of Louisiana**

**PICKETT, J.**

Plaintiff, Connie Hitchcock, appeals a judgment of the district court dismissing her challenge to the constitutionality of La.R.S. 23:1208 as premature. We affirm the judgment of the district court.

## FACTS

The plaintiff filed suit in the district court ,seeking the following: 1) to have La.R.S. 23:1208 and "more specifically" La.R.S. 23:1208(E) declared unconstitutional and 2) to have the court issue an injunction preventing the State from enforcing the statute. Louisiana Revised Statutes 23:1208(E) is part of the Louisiana Workers' Compensation Act and provides that "[a]ny employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter."

At the trial of the matter, the plaintiff stipulated that her claim had yet to be heard by a workers' compensation judge. Based upon that stipulation, the trial judge dismissed her petition as premature. From that dismissal, the plaintiff appeals raising eight "Issues For Review," the first being: "Is the petition to declare LSA R.S. 23:1208 unconstitutional premature?" As we answer that question in the affirmative, we have no need to address the other seven "issues" raised.

In effect, the plaintiff is seeking a declaratory judgment. In *Church Point Wholesale Beverage Co, v. Tarver*, 614 So.2d 697 (La.1993), the Louisiana Supreme Court expounded on the law applicable to declaratory judgments as follows:

> Louisiana Code of Civil Procedure art. 1871 authorizes the judicial declaration of "rights, status, and other legal relations whether or not further relief is or could be claimed." Article 1872 designates who can bring such an action:
>
> > A person ... whose rights, status, or other legal relations are affected by a statute ... may have determined any question of construction or validity arising under the ...

statute ... and obtain a declaration of rights, status, or other legal relations thereunder.

The jurisprudence has restricted the application of the articles in that courts will only act in cases of a present, justiciable controversy and will not render merely advisory opinions. *Hainkel v. Henry*, 313 So.2d 577, 578 (La.1975). In fact, the constitution implicitly prohibits the rendering of advisory opinions. *Aucoin v. Dunn*, 233 So.2d 530, 531 (La.1970); *Belsome v. Southern Stevedoring, Inc.*, 239 La. 413, 118 So.2d 458, 461 (1960); *State v. Fant*, 43 So.2d 217, 220 (La.1949).

In *State v. Board of Supervisors*, 228 La. 951, 84 So.2d 597, 599-600 (1955) this court discussed the effect on Louisiana law of the Uniform Declaratory Judgments Act, the precursor to the articles on declaratory judgment in the Code of Civil Procedure.

Ever since 1810, it has been fundamental in the law of Louisiana that courts sit to administer justice in actual cases.... This principle has been strictly adhered to throughout the years and, in reality, is determinative of the matter of the jurisdiction of our courts, original and appellate, as defined by Sections 35, 29 and 10 of Article 7 of the Constitution.

Section 35 of Article 7 of the Constitution vests the district courts throughout the State with original jurisdiction in all civil matters "regardless of the amount in dispute." Thus, in order for the court to become seized of jurisdiction in the first instance, there must be a dispute or controversy over some matter or right in which the opposing parties have an interest. For one to sue, his interest must be real and actual....

The Uniform Declaratory Judgments Act has not had the magical effect of changing the above stated basic tenets. In truth, to construe the statute as extending jurisdiction to the courts to validate legislative action, or otherwise render advisory opinions, would effect an unconstitutional enlargement of the grant of judicial power which is restricted to real controversies.

... [I]t is settled that courts of Louisiana are without power to render judgments over moot and abstract propositions and that a litigant not asserting a substantial existing legal right is without standing in court.

... [I]n order for an action to be entertained under the Act, it must be based on an actual controversy....

84 So.2d at 599-600 (citations omitted) (footnotes omitted).

*Id.* at 701-02 (footnote omitted).

Although, the record established that a claim for benefits has been filed by the plaintiff with the Office of Workers' Compensation, she stipulated at trial that the claim has not been litigated. Thus, at this point in time, she has not been adversely impacted by the statute she seeks to have declared unconstitutional. In *Ring v. State Department of Transportation and Development*, 02-1367, pp. 4-7 (La. 1/14/03), 835 So.2d 423, 426-28, the supreme court ruled that plaintiff's motion seeking a declaration that a statute was unconstitutional was premature for lack of standing, stating:

> We have repeatedly and consistently held that courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, the resolution of the constitutional issue is essential to the decision of the case or controversy. *State v. Fleming*, 2001-2799 (La.6/21/02), 820 So.2d 467, 470; *Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance*, 98-0601 (La.10/20/98), 720 So.2d 1186, 1199; *Louisiana Associated Gen. Contractors, Inc. v. New Orleans Aviation Bd.*, 97-0752 (La.10/31/97), 701 So.2d 130, 132; *Cameron Parish Sch. Bd. v. AcandS, Inc.*, 96-0895 (La.1/14/97), 687 So.2d 84, 87; *White v. West Carroll Hosp., Inc.*, 613 So.2d 150, 157 (La.1992). Further, our jurisprudence counsels that the practice of courts is "never to anticipate a question of constitutional law in advance of the necessity of deciding it." *Matherne v. Gray Ins. Co.*, 95-0975 (La.10/16/95), 661 So.2d 432, 434; *Communist Party of U.S. v. Subversive Activities Control Bd.*, 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961) (citing *Liverpool, New York & Philadelphia S.S. Co. v. Commissioners*, 113 U.S. 33, 5 S.Ct. 352, 28 L.Ed. 899 (1885)); *Arizona v. California*, 283 U.S. 423, 51 S.Ct. 522, 75 L.Ed. 1154 (1931). Courts should avoid constitutional rulings when the case can be disposed of on non-constitutional grounds. *Blanchard v. State Through Parks and Recreation Commission*, 96-0053 (La.5/21/96), 673 So.2d 1000, 1002.
>
> The rationale for this policy of judicial restraint has been said to lie "in all that goes to make up the unique place and character, in our scheme, of judicial review of governmental action for constitutionality." *Rescue Army v. Municipal Court of City of Los Angeles*, 331 U.S. 549, 571, 67 S.Ct. 1409, 1421, 91 L.Ed. 1666 (1947). Its foundations,

3

longstanding and firmly rooted in our jurisprudence, derive from "the delicacy of that function, particularly in view of possible consequences for others stemming also from constitutional roots; the comparative finality of those consequences; the consideration due to the judgment of other repositories of constitutional power concerning the scope of their authority; the necessity, if government is to function constitutionally, for each to keep within its power, including the courts; the inherent limitations of the judicial process, arising especially from its largely negative character and limited resources of enforcement; withal in the paramount importance of constitutional adjudication in our system." *Id.* Courts should both respect legislative enactments and at the same time seek to provide substantial remedies to wrongly aggrieved persons. It is the balancing of these oftentimes competing directives that leads to the general rule: a judge should not judicially declare a statute unconstitutional unless it is essential to the decision of a case or controversy. *Board of Com'rs of Orleans Levee Dist. v. Connick*, 94-3161 (La.3/9/95), 654 So.2d 1073, 1076.

The ripeness doctrine is a tool designed to determine when judicial review is appropriate. As we explained in *Matherne v. Gray Ins. Co.*, 95-0975 (La.10/16/95), 661 So.2d 432, 435: "Generally, the ripeness doctrine is viewed as being both constitutionally required and judicially prudent. 'The prudential restrictions result from the fact that most courts would rather avoid speculative cases, defer to finders of fact with greater subject matter expertise, decide cases with fully-developed records, and avoid overly broad opinions, even if these courts might constitutionally hear a dispute.'" *Matherne, supra*, quoting Gregory M. Stein, *Regulatory Takings and Ripeness in the Federal Courts*, 48 Vand.L.Rev. 1, 11 (1995). In *Matherne*, we identified two elements that are relevant in establishing the ripeness of a case: (1) the hardship to the parties if a court does not decide; and (2) the fitness of the issues for decision. *Id.* If a party will be significantly injured by a court's failure to decide an issue quickly, if the record is well developed and the risk of a speculative or overly broad opinion is thereby lessened, then the issue is more likely fit for decision. *Id.* On the other hand, Louisiana has never had a provision authorizing the court to issue advisory opinions, and, until a controversy becomes concrete and focused, it is difficult for the court to evaluate the practical merits of the position of each party. "If a record is concrete rather than abstract in nature, the Court may find a way of interpreting the statute to avoid or minimize the constitutional issue." RONALD D. ROTUNDA & JOHN E. NOWAK, TREATISE ON CONSTITUTIONAL LAW § 2.13 (2d. ed.1992). Moreover, there is a possibility that if the court waits for an actual controversy, the whole constitutional problem may be eliminated by later developments. *Matherne*, 661 So.2d at 436.

While there is no doubt that this Court has the power and authority to address the constitutional issue presented by the district

4

court's ruling in this case, we are not required to do so. We are only obligated to rule if the procedural posture of the case and the relief sought by the appellant demand that we do so. *Matherne*, 661 So.2d at 436. In this instance, we find that the case is not in the proper procedural posture for a ruling on the constitutional issue.

We, as the supreme court did in *Ring*, "find that the case is not in the proper procedural posture for a ruling on the constitutional issue." *Id.* Furthermore, just as in *Ring*, "there is a possibility that if the court waits [. . .], the whole constitutional problem may be eliminated by later developments," *i.e.*, if the workers' compensation judge finds that the plaintiff has not violated La.R.S. 23:1208, the issue the plaintiff seeks to raise herein is moot. We find the issue raised by the plaintiff in this case is not ripe for determination and refuse to consider the issue.

The plaintiff has misread La.R.S. 23:1310.3 when she argues that it required her to filed her petition in district court and have her claim of unconstitutionality litigated therein, even though she has not had her compensation claim tried.

Louisiana Revised Statutes 23:1310.3(F) (emphasis ours) states as follows:

(1) Any party challenging the constitutionality of any provision of this Chapter shall specially plead such an allegation in the original petition, [*or in*] *an exception*, [*or in a*] *written motion*, or answer, which shall state with particularity the grounds for such an allegation.

(2) Within thirty days of the filing of any *pleading* raising the issue of unconstitutionality, the party making such an allegation must file a petition in a state district court of proper jurisdiction for purposes of adjudicating the claim of unconstitutionality. Said filing shall be given priority in hearing such claim not more than ten days from being presented to the district court.

(3) Failure to follow the procedures set forth in this Section shall bar any claim as to the unconstitutionality of any provision of this Chapter on appeal.

Furthermore, La.Code Civ. P. art. 423(emphasis ours) specifically provides, in pertinent part: "When an action is brought . . . before the right to enforce it has

5

accrued, *the action shall be dismissed as premature, but it may be brought again after this right has accrued*."

Accordingly, for the reasons stated above, the judgment of the trial court is affirmed. Inasmuch as the plaintiff is a pauper, we pretermit the assessment of costs.

**AFFIRMED.**

NUMBER 04-1597

COURT OF APPEAL, THIRD CIRCUIT
STATE OF LOUISIANA

CONNIE HITCHCOCK

VERSUS

STATE OF LOUISIANA, ET AL.

PETERS, J., dissenting.

I respectfully disagree with the majority opinion in this matter. The pertinent facts are not in dispute. Ms. Hitchcock claims that on July 5, 1994, while in the employment of the Heritage Manor Nursing Home (Nursing Home), she suffered a work-related, compensable injury as defined by the Louisiana Workers' Compensation Act. The Nursing Home initially paid benefits under the Act. However, in 1996, the Nursing Home refused to pay for certain recommended surgeries and terminated payment of Ms. Hitchcock's weekly benefits. The Nursing Home took this action based on its belief that Ms. Hitchcock had violated the provisions of La.R.S. 23:1208.

On July 17, 1997, Ms. Hitchcock filed a claim for benefits in the Office of Workers' Compensation. In asserting her claim for benefits before the workers' compensation judge (WCJ), Ms. Hitchcock asserted that, for various reasons, La.R.S. 23:1208 is unconstitutional. Thereafter, Ms. Hitchcock filed a petition in district court addressing the constitutional issue. The WCJ stayed the workers' compensation proceedings pending disposition of the constitutional issue.

Ms. Hitchcock filed the district court action on April 25, 2001, and, after an August 23, 2004 hearing, the district court dismissed her petition on the basis of prematurity. Specifically, the district court concluded that, because at the time of the

hearing on the constitutional issue there had been no finding that Ms. Hitchcock had violated La.R.S. 23:1208, any decision on that issue would be premature. The majority affirms that decision, and, while I agree that any *decision* by the district court on the constitutional issue would have been premature, the *petition* filed by Ms. Hitchcock was not.

I do not disagree with the language of *Ring v. State, Department of Transportation & Development*, 02-1367 (La. 1/14/03), 835 So.2d 423, quoted by the majority. Courts should avoid deciding a constitutional issue unless the resolution of the issue is essential to the decision of the controversy. In fact, the district court acted correctly in not deciding the constitutional issue before the WCJ's decision on the merits. However, the district court erred in *dismissing* the proceedings rather than *staying* the proceedings pending a decision by the WCJ on the underlying issues.

If this matter had arisen in a district court proceeding rather than in a workers' compensation proceeding, this issue would in all probability not be before us at this stage of the litigation. The district court would simply have referred the constitutional issue to the merits and addressed it if and when necessary. The legislature attempted to address the problem created by the workers' compensation courts' lack of subject matter jurisdiction to consider constitutional issues by enacting La.R.S. 23:1310.3(F). That statute provides a procedure to transfer the constitutional issue to the district court having jurisdiction. Louisiana Revised Statutes 23:1310.3(F)(1) provides that one challenging the constitutionality of a provision of the Louisiana Workers' Compensation Act "*shall* specifically plead such an allegation in the original petition, an exception, written motion, or answer . . . ."

2

(Emphasis added.) Ms. Hitchcock complied with this provision. Louisiana Revised Statutes 23:1310.3(F)(2) requires the party to then file an action raising the constitutional issue in district court within thirty days of the filing of the pleading in the workers' compensation proceedings. Ms. Hitchcock complied with this provision. In fact, had she not complied with both of these provisions, she would have been unable to later raise the constitutional issue. *See* La.R.S. 23:1310.3(F)(3).

As stated, the district court concluded that Ms. Hitchcock's action was premature, yet I find no exception of prematurity in the record. Instead, the prematurity issue was decided at a trial on the merits. As stated in *Plaisance v. Davis*, 03-0767, p. 6 (La.App. 1 Cir. 11/7/03), 868 So.2d 711, 716, *writ denied*, 03-3362 (La. 2/13/04), 867 So.2d 699, "[t]he objection of prematurity raises the issue of whether the judicial cause of action has yet come into existence because some prerequisite condition has not been fulfilled." Additionally, a prematurity objection "is intended to retard the progress of the action rather than to defeat it." *Id.* Ms. Hitchcock's cause of action had come into existence by virtue of the fact that La.R.S. 23:1208 is a pivotal issue in the workers' compensation proceedings. Furthermore, the district court and the majority have, by the decisions rendered, defeated the action rather than simply retarded its progress.

I do not find the last sentence of La.Code Civ.P. art. 423 to be supportive of the majority decision. It relates to the right to enforce an obligation as that term is defined in La.Code Civ.P. arts. 421 and 422. The underlying obligation claimed by Ms. Hitchcock in this litigation is her workers' compensation benefits. The constitutional issue is ancillary to that issue. Additionally, the district court suit is not a petition for declaratory judgment as suggested by the majority. The Nursing Home

3

stopped paying benefits based on La.R.S. 23:1208. Thus, the viability of the statute is a real issue which will become moot only *if and when* the WCJ determines either that Ms. Hitchcock is not otherwise entitled to workers' compensation benefits or that Ms. Hitchcock did not violate the provisions of La.R.S. 23:1208.

The majority would have Ms. Hitchcock wait until after a judgment is rendered against her in the workers' compensation proceedings before filing any pleading to contest the constitutionality of La.R.S. 23:1208. I fully expect that such a course of action would be met with an argument that she had not timely raised the constitutional issue and that therefore La.R.S. 23:1310.3(F)(3) precludes further consideration of the issue. In enacting La.R.S. 23:1310.3(F), the legislature specifically provided that the challenge to the constitutionality of a workers' compensation statute may be filed as early as the original petition. It would be difficult to imagine a situation in which a litigant would file a constitutional challenge in the original petition of the workers' compensation proceedings that would not be premature under the majority's rationale.

The last sentence of La.R.S. 23:1310.3(F)(2) also gives us guidance concerning how to apply the established procedure under the statute. It provides that a hearing on the constitutional issue in district court shall be given a ten-day priority setting once the issue is "*presented* to the district court." Thus, the priority setting is not triggered by the *filing* of a pleading, but by the *presentation* of the issue to the district court. In this case, the petition was timely filed in district court, but presentation of the issue for adjudication should not have occurred until the WCJ ruled on the underlying issues.

I would reverse the district court's dismissal of Ms. Hitchcock's petition and

4

remand the matter to the district court with instructions to stay the decision on the constitutional issue pending a decision by the WCJ on the merits of Ms. Hitchcock's workers' compensation claim. I would then require that the district court hear the constitutional issue (if it is still a viable issue) within the ten-day framework provided for in La.R.S. 23:1310.3(F)(2). Otherwise, Ms. Hitchcock not only stands without a remedy on the constitutional issue, but she is also denied even a hearing on this significant issue.