BONIN, J.,
concurs with reasons.
hi respectfully concur in the reversal of the summary judgment granted in this matter as well as the judgment sustaining the exception of prescription and in the remand of this case to the trial court.
Basically, Dr. Kraus and the State put the cart before the horse in seeking a summary judgment in an action to declare a statute unconstitutional before a finding *955 by the court or by stipulation that Ms. Russo (or her survivors) have standing to challenge the constitutionality of a portion of La. R.S. 9:5628 A as applied to her. Unless and until there is a finding that Ms. Russo’s condition was in fact not discoverable within the three year period contairied in the statute, there is no need to reach or decide any constitutional issues in this case. See Whitnell v. Silverman, 95-0112 (La.12/6/96), 686 So.2d 23, 32 (Kimball, J., concurring). The parties cannot accept the standing of the challenger arguendo, or for the sake of the argument, as if the unconstitutionality of a statute is purely a question of |2law, which it is not. See In re Melancon, 05-1702, p. 9 (La.7/10/06), 935 So.2d 661, 667. Without proof of a challenger’s standing, a court would simply be deciding (without authorization) the statute’s application to third parties “in hypothetical situations.” See Whitnell, 686 So.2d at 25-26. Of course, if Ms. Russo, just like Ms. Whitnell, does not have standing, this case can, and must, be disposed of on non-constitutional grounds without any determination of the statute’s constitutionality. See Ring v. State, 02-1367, p. 4-5 (La.1/14/03), 835 So.2d 423, 426-427.
Accordingly, I emphasize the option of the trial judge to bifurcate at the Sibley hearing the discrete factual issue which is whether Ms. Russo’s condition was discoverable within the three-year period. (See Opinion, n. 12, ante.) Only after Ms. Russo has established that she is within the class of individuals disadvantaged by the statute’s provisions need the trial judge conduct the remainder of a Sibley hearing. See Whitnell, 686 So.2d at 30; see also Sibley v. Board of Supervisors of Louisiana State university, 477 So.2d 1094, 1104 (La.1985). On this discrete issue my view is that unless the nineteen-disease list of Dr. Stuart Hoffman is introduced into evidence in this case, it is irrelevant; that list has been neither repudiated nor ratified by our Supreme Court. See Whitnell, 686 So.2d at 29 (“We further hold that the trial court erred in admitting into evidence Dr. Stuart Hoffman’s testimony regarding the list of diseases with latency periods in excess of three years, for such evidence was irrelevant in this case.”). Dr. Hoffman’s list is not binding on the trial court or any other court.
Additionally, I suggest that our remand instruction to the trial court to inquire into whether “a medical insurance crisis existed” when § 9658 was enacted or later amended is lagniappe. The parties are entitled to introduce as they see fit relevant evidence dependent upon the classification of Ms. Russo’s “situation”. See Sibley, 477 So.2d at 1107-1108.