874 So.2d 829 (2004)
STATE of Louisiana
v.
Parrell MERCADEL.
No. 2003-KA-3015.
Supreme Court of Louisiana.
May 25, 2004.
*830 Charles C. Foti, Jr., Attorney General, Eddie J. Jordan, Jr., District Attorney, Claire A. White, Valentin M. Solino, for applicant.
William R. Campbell, Jr., Katherine M. Mattes, New Orleans, Pamela R. Metzger, for respondent.
CALOGERO, Chief Justice.
In this direct appeal, the State challenges a judgment issued by an Orleans Parish Criminal District Court judge that declared unconstitutional various articles of the Louisiana Code of Criminal Procedure,[1] as well as various provisions of Title 15 of the Louisiana Revised Statutes,[2] all related directly or indirectly to grand jury process in Orleans Parish. The district court found that the provisions were prohibited local or special laws under La. Const. art. III, § 12(A) (1974),[3] as interpreted *831 by this court's decision in State v. Dilosa, 02-2222 (La.6/27/03), 848 So.2d 546. As a result of this finding, the district judge granted the motion filed by defendant, Parrell Mercadel, to quash his indictment for first-degree murder. Finding that the defendant has no standing to challenge the laws because he has failed to establish that application of the subject criminal code articles and statutes had a serious effect on his rights, we reverse the district court judgment declaring the code articles and statutes unconstitutional and quashing the defendant's indictment.

FACTS AND PROCEDURAL HISTORY
Defendant was indicted by an Orleans Parish grand jury on January 9, 2003, for the first degree murder of Antoine Cantrelle, a charge to which he pled "not guilty" on January 14, 2003. Defense counsel was appointed on February 10, 2003, and a number of pretrial motions were filed by the defendant and the State, but no hearings had been conducted before this court issued the Dilosa opinion on July 27, 2003.
In Dilosa, this court struck down La. Code of Crim. Proc. arts. 412,[4] 413(C),[5] and 414(C)[6] and La.Rev.Stat. 15:114[7] in their entirety, as well as the first sentence of La.Code of Civ. Proc. art. 413(B)[8], all governing Orleans Parish grand jury proceedings, as unconstitutional local laws prohibited by La. Const. art. III, § 12(A)(3), which provides as follows:
Except as otherwise Provided in this constitution, the legislature shall not pass a local or special law:
* * * * *
(3) Concerning any civil or criminal actions, including changing the venue in civil or criminal cases, or regulating the practice or jurisdiction of any court, or changing the rules of evidence in any judicial proceeding or inquiry before courts, or providing or changing methods for the collection of debts or the enforcement of judgments, or prescribing the effects of judicial sales.
The provisions struck down by this court in Dilosa gave judges in Orleans Parish, and only in Orleans Parish, the unique authority to select all of the grand jurors from the grand jury venire, as opposed to the system of random selection from the venire prevailing elsewhere in the State of Louisiana for selection of all of the grand jurors with the exception of the foreperson. The offending provisions together established procedures, applicable only in Orleans Parish, for the selection of the *832 grand jury venire, the impaneling of the grand jury, selection of the grand jury foreperson, the time for impaneling grand juries and the period of service, and the rotation of judges who select and control the grand jury. The court's finding that the subject provisions were unconstitutional was based on the State's failure to offer "any viable geographic or demographic necessity which would justify the existence of the unique grand jury procedures in Orleans Parish mandated by the statutes." Id., 02-2223 at 5, 848 So.2d at 550.
Before this court's decision in Dilosa, the Louisiana Legislature had made significant changes in the grand jury selection process for Orleans Parish under which the defendant in that case had been indicted, most recently by Act 281[9] of the 2001 legislature. Act 281 of 2001 rewrote La. Code of Crim. Proc. art. 412, governing selection of the grand jury venire in Orleans Parish, to subject all grand juries in the State, including those in Orleans Parish, to the rules established by La.Code of Crim. Proc. art. 411, governing selection of grand juries. By the same act, La.Code of Crim. Proc. art. 413(B) was amended to eliminate the exclusion of Orleans Parish from the requirement of random selection of grand juries, and La.Code of Crim. Proc. art. 413(C), authorizing Orleans Parish district court judges to set the date for the drawing of the grand jury venire by the jury commission, was repealed. As a result of these changes, Orleans Parish was brought in line with the rest of the State relative to the requirement that all grand jurors be chosen by random selection. Because Dilosa addressed an indictment returned by an Orleans Parish grand jury under the law that existed prior to the 2001 amendments, the court noted specifically that the constitutionality of the amended articles was not before the court. Id. at 1, n. 1, 848 So.2d at 548. Because of these changes, the Dilosa decision apparently did not impact indictments returned after August 15, 2001, the effective date of Act 281 of the 2001 Louisiana Legislature.
However, some of the provisions declared unconstitutional by this court in Dilosa were not rewritten or otherwise amended by Act 281 of the 2001 Legislature. Significantly, La.Code of Crim. Proc. art. 414(C), which provided for the drawing of the grand jury venire and the impaneling of the grand jury from the venire in Orleans Parish in March and September of each year, was left unchanged. Also not amended was La.Rev. Stat. 15:114, which calls for selection of the grand jurors by Orleans Parish trial judges on a rotating basis. Nevertheless, because of the revisions made to La.Code of Crim. Proc. art. 413(B) and art. 413(C), Orleans Parish judges are no longer authorized to select the grand jurors, meaning that the only remaining viable provision *833 of La.Rev.Stat. 15:114 is the provision authorizing Orleans Parish Criminal District Court judges on a rotating basis to supervise previously-selected grand juries.
Shortly after this court issued the Dilosa decision, on July 9, 2003, defendant's attorney filed a motion to quash his indictment, asserting that the last vestige of La.Rev.Stat. 15:114, governing supervision of Orleans Parish grand juries by Criminal District Court judges on a rotating basis, is unconstitutional because it is a local law prohibited by La. Const. art. III, § 12(A)(3). Another attorney for the defendant subsequently filed a supplemental motion to quash[10] on the morning of the hearing on the original motion to quash. That motion challenged the constitutionality of La.Code Crim. Proc. art. 414(C), providing for the drawing of grand jury venire and impaneling of grand jurors in March and September of each year in Orleans Parish, which was previously declared unconstitutional in Dilosa. Defendant's supplemental motion to quash also challenged a number of other laws relative to grand jury proceedings in Orleans Parish not challenged by the defendant in Dilosa, including La.Code of Criminal Proc. art. 404(A)(2), providing for the selection of jury commissioners by the governor; La.Code of Crim. Proc. arts. 409 and 409.1, providing for an enlarged general jury venire from which the grand jury venire is selected and establishing a central jury pool; La.Code of Civ. Proc. art. 415(A)(2), providing for the filling of vacancies on grand juries; La.Rev.Stat. 15:111, providing for salaries of jury commissioners and the secretary of the board of commissioners; La.Rev.Stat. 15:112, providing for the appointment and payment of a chief process server and deputies; and La.Rev.Stat. 15:113, establishing the duty of the registrar of voters to provide quarterly reports concerning additions to and deletions from the voter registration rolls. Finally, defendant's supplemental motion to quash challenged a number of provisions related to petit jury venires, including La.Code of Crim. Proc. arts. 416, 416.1, and 417, governing the selection of petit jury venires in all parishes except Orleans Parish; and La.Code of Crim. Proc. art. 418, governing selection of Orleans Parish petit jury venires.
At the hearing on defendant's motions to quash, defendant's attorney noted this court's finding in Dilosa that La.Rev.Stat. 15:114 is unconstitutional, and insisted that the only problem is determination of the appropriate remedy. The State asserted that the defendant had failed to allege any of the statutory grounds set forth in La. Code of Crim. Proc. art. 533 to support his motions to quash, and that defendant's conclusory allegations were insufficient to support his motions. In ruling on the defendant's motions, the district court stated, in pertinent part, as follows:
I don't think that ... the defendant in this case and the defendants in all of the cases, similarly situated, that they've suffered any real harm by these statutes or by the way these statutes are constituted as would result in the Court granting a motion to quash and ordering that they be reindicted.
But I also believe that we need some finality in these cases. We need the Supreme Court to speak to these issues *834 and to tell us, one way or the other, what we have to do in these matters. So because of that, then this Court is going to ... grant the defendant's motion to quash in this case. The Court is granting the defendant's motion to quash.
The district court provided no other reasons for quashing the defendant's indictment.

STANDING TO CHALLENGE CONSTITUTIONALITY
The fundamental question raised by the State's appeal of the district court judgment to this court is whether the defendant was entitled to relief in the form of the quashing of his indictment when he has failed to prove that he has suffered injury resulting from application of the code articles and statutes he challenges. That issue was not raised or addressed in the Dilosa decision. In order to answer that question, we turn to general principles of constitutional law regarding legal standing to challenge the constitutionality of code articles and statutes.
Although this court generally possesses the power and authority to decide the constitutionality of the provisions challenged in defendant's motions to quash his indictment, it is required to decide a constitutional issue only "if the procedural posture of the case and the relief sought by the appellant demand that [it] do so." Ring v. State, DOTD, XXXX-XXXX, pp. 6-7, 835 So.2d 423, 428. Further, a court should avoid constitutional questions whenever the case can be disposed of on non-constitutional grounds. Id. at 4, 835 So.2d at 427. One of the threshold non-constitutional issues that must be decided by a court before it may consider a constitutional challenge to a legal provision is whether the person challenging the provision has standing. Id. at 9, 835 So.2d at 429. See also Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697 (La. 1993). In order to have standing to challenge the constitutionality of a legal provision, the person bringing the challenge must have rights in controversy. Id. at 7, 835 So.2d at 428. More specifically, "[a] person can challenge the constitutionality of a statute only if the statute seriously affects his or her rights." Latour v. State, XXXX-XXXX, p. 560 (La.App.1/29/01), 778 so.2d 557, 560, citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015 (La.11/30/94), 646 So.2d 885.
In this case, the district court specifically found that the defendant had not suffered any real harm as a result of any of the subject criminal code articles and statutes challenged. Thus, the district court implicitly found that the defendant had failed to show that the code articles and statutes he has challenged seriously affected his rights, as required, in order for a person to have standing to bring a constitutional challenge. Once the district judge found that the defendant lacked standing to challenge the subject criminal code articles and statutes, it should have denied defendant's motions to quash, rather than granting the motions for the purpose of inviting this court to "speak" to the constitutionality of the challenged provisions. We decline that invitation, and vacate the district court judgment declaring the subject criminal code articles and statutes unconstitutional and granting the motions to quash.

CONCLUSION
The district court judgment declaring the specified articles of the Louisiana Code of Criminal Procedure and specified portions of Title 15 of the Louisiana Revised Statutes related to grand jury process in New Orleans unconstitutional, and *835 quashing defendant's indictment, is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED; REMANDED TO DISTRICT COURT.
NOTES
[1] Specifically, defendant challenged the following provisions of the Louisiana Code of Criminal Procedure specific to Orleans Parish: art. 404(A)(2), art. 409 and Art. 409.1, art. 414(C), art. 415(A)(2), and art. 418. Defendant also challenged La.Code of Crim. Proc. arts. 416, 416.1, and 417, relative to all parishes except Orleans Parish.
[2] Specifically, defendant challenged the following provisions of Title 15 of the Louisiana Revised Statutes specific to Orleans Parish: 15:111, 15:112, 15:113, and 15:114.
[3] La. Const. art. III, § 12(A) provides as follows:

Except as otherwise provided in this constitution, the legislature shall not pass a local or special law:
(1) For the holding and conducting of elections, or fixing or changing the place of voting.
(2) Changing the names of persons; authorizing the adoption or legitimation of children or the emancipation of minors; affecting the estates of minors or persons under disabilities; granting divorces; changing the law of descent or succession; giving effect to informal or invalid wills or deeds or to any illegal disposition of property.
(3) Concerning any civil or criminal actions, including changing the venue in civil or criminal cases, or regulating the practice or jurisdiction of any court, or changing the rules of evidence in any judicial proceeding or inquiry before courts, or providing or changing methods for the collection of debts or the enforcement of judgments, or prescribing the effects of judicial sales.
(4) Authorizing the laying out, opening, closing, altering, or maintaining of roads, highways, streets, or alleys; relating to ferries and bridges, or incorporating bridge or ferry companies, except for the erection of bridges crossing streams which form boundaries between this and any other state; authorizing the constructing of street passenger railroads in any incorporated town or city.
(5) Exempting property from taxation; extending the time for the assessment or collection of taxes; relieving an assessor or collector of taxes from the performance of his official duties or of his sureties from liability; remitting fines, penalties, and forfeitures; refunding moneys legally paid into the treasury.
(6) Regulating labor, trade, manufacturing, or agriculture; fixing the rate of interest.
(7) Creating private corporations, or amending, renewing, extending, or explaining the charters thereof; granting to any private corporation, association, or individual any special or exclusive right, privilege, or immunity.
(8) Regulating the management of parish or city public schools, the building or repairing of parish or city schoolhouses, and the raising of money for such purposes.
(9) Legalizing the unauthorized or invalid acts of any officer, employee, or agent of the state, its agencies, or political subdivisions.
(10) Defining any crime.
[4] La.Code of Crim. Proc. art. 412 concerns "Drawing of grand jury venire and subpoena of veniremen; Orleans Parish."
[5] La.Code of Crim. Proc. art. 413 concerns "Method of impaneling of grand jury; selection of foreman." At the time of the Dilosa decision was issued, subsection C of the article provided special rules for Orleans Parish.
[6] La.Code of Crim. Proc. art. 414 concerns "Time for impaneling grand juries; period of service." Subsection C of that article provides special rules for "Orleans Parish."
[7] La.Rev.Stat. 15:114 concerns "Parish of Orleans; rotation and selection of grand jury; control of grand jury."
[8] At the time of the Dilosa decision, the first sentence of La.Code of Crim. Proc. art. 413(B) excluded Orleans Parish from grand jury selection procedures applicable throughout the rest of the state.
[9] Act 281 was passed by the legislature as part of its response to the United States Supreme Court's decision in Campbell v. Louisiana, 523 U.S. 392, 118 S.Ct. 1419, 140 L.Ed.2d 551 (1998), which granted white defendants third-party standing to raise equal protection claims of African Americans excluded from grand jury service on account of race by former La.Code of Criminal Proc. art. 413(B). That article authorized Louisiana district court judges to select one person from the grand jury venire to serve as foreperson, while all other jurors were selected by the sheriff by random lot. Initially, the 1999 Louisiana Legislature passed Act 984, which amended La.Code of Crim. Proc. art. 413(B) to require random selection of all grand jurors followed by the selection of the foreperson by the district court judge from the selected jurors in all parishes, except Orleans. The 1999 legislature left unchanged La.Code of Crim. Proc. art. 413(C), which gave Orleans Parish district judges authority to select all grand jurors, as opposed to one grand juror to serve as the foreperson. The defendant in Dilosa was indicted under the law as it existed after the adoption of Act. 984 of the 1999 Louisiana Legislature.
[10] The supplemental motion to quash is not included in the record on appeal, but was appended to the brief filed in this court on behalf of the defendant by the Tulane University Law School Criminal Law Clinic. However, the transcript of the hearing held on July 16, 2003, clearly reveals that a supplemental motion to quash was filed and that the district court's ruling was intended to embrace all the statutory provisions challenged in the original and supplemental motions to quash.