947 So.2d 715 (2007)
Sandy CARMENA, et al.
v.
The EAST BATON ROUGE PARISH SHERIFF'S OFFICE, et al.
No. 2006-CA-2680.
Supreme Court of Louisiana.
February 2, 2007.
PER CURIAM.
The State of Louisiana invokes the appellate jurisdiction of this court pursuant to La. Const. art. V, § 5(D), on the ground that the district court declared certain executive orders of the governor (KBB 2005-32, *716 KBB 2005-48 and KBB 2005-67) as well as Act 6 of the 2005 Extraordinary Session to be unconstitutional.
Pretermitting the merits, we find the appeal is not properly before this court. Article V, § 5(D) vests appellate jurisdiction in this court in cases in which "a law or ordinance has been declared unconstitutional. . . ." A review of the district court's judgment indicates the court merely granted defendants' exception of prescription. Nothing in the judgment declares a law or ordinance unconstitutional.
Although the district court's reasons for judgment discuss the constitutionality of the governor's executive orders and a subsequent legislative enactment, it is well-settled law that the trial court's oral or written reasons form no part of the judgment. See La.Code Civ. P. art.1918; see also Haynes v. United Parcel Service, 05-2378 (La.7/6/06), 933 So.2d 765; Spiers v. Roye, 04-2189 (La.App. 1st Cir.2/10/06), 927 So.2d 1158; Davis v. Hoffman, 00-2326 (La.App. 4th Cir.10/24/01), 800 So.2d 1028; LaRocca v. Bailey, 01-0618 (La. App. 3rd Cir.11/7/01), 799 So.2d 1263; Marino v. Marino, 576 So.2d 1196 (La. App. 5th Cir.1991); City of Kaplan v. Mayard, 616 So.2d 826 (La.App. 3rd Cir. 1993).
Because there is no declaration of unconstitutionality in the district court's judgment, there is no basis for the exercise of this court's appellate jurisdiction. Accordingly, the appeal is transferred to the court of appeal, which is instructed to consolidate it with plaintiffs' pending appeal in that court.[1]
NOTES
[1] In resolving the appeal, the court of appeal should be mindful of the principal that courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, the resolution of this is essential to the decision of the case or controversy. Badeaux v. Southwest Computer Bureau, Inc., 05-0612 (La.3/17/06), 929 So.2d 1211; Cat's Meow, Inc. v. City of New Orleans, 98-0601 (La.10/20/98), 720 So.2d 1186.