972 So.2d 1137 (2008)
Stacy Michael MEAUX
v.
Lucille GALTIER, Scott Hammond, John Hammond, and Geraldine Hammond.
No. 07-CA-2474.
Supreme Court of Louisiana.
January 25, 2008.
PER CURIAM.
Defendants, John. Hammond and Geraldine Hammond, invoke the appellate jurisdiction of this court pursuant to La. Const. art. V, § 5(D), on the ground that the district court declared La. Civ.Code art. 191, as enacted by Act 530 of the 2004 Regular Session, to be unconstitutional.
Pretermitting the merits, we find the appeal is not properly before this court. Article V, § 5(D) vests appellate jurisdiction in this court in cases in which "a law or ordinance has been declared unconstitutional. . . ." A review of the district court's judgment indicates the court merely denied defendants' exception of prescription/peremption. Nothing in the judgment declares a law or ordinance unconstitutional.
Although the district court's reasons for judgment discuss the constitutionality of La. Civ.Code art. 191, it is well-settled law that the trial court's oral or written reasons form no part of the judgment. See La.Code Civ. P. art.1918; see also Carmena v. East Baton Rouge Parish Sheriffs Office, 06-2680 (La.2/2/07), 947 So.2d 715; Haynes v. United Parcel Service, 05-2378 (La.7/6/06), 933 So.2d 765.
Moreover, we question whether the constitutionality of La. Civ.Code art. 191 was properly pleaded in the district court by plaintiff. In Vallo v. Gayle Oil Company, Inc., 94-1238 (La.11/20/94), 646 So.2d 859, we explained the requirements for pleading the unconstitutionality of a statute in the district court:

*1138 Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.
The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art, 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings. [emphasis added; citations and footnotes omitted].
A review of the record in the instant case indicates the issue of constitutionality was raised in a filing by plaintiff captioned "Plaintiffs Memorandum in Opposition to Exceptions of Prescription/Peremption Filed by Defendants." As we explained in Vallo, a memorandum is not a pleading recognized under the Code of Civil Procedure and is therefore not a proper method to challenge the constitutionality of a statute.[1]
For these reasons, we find there is no proper declaration of unconstitutionality and, therefore, no basis for the exercise of this court's appellate jurisdiction. Accordingly, the appeal is dismissed, and the case is remanded to the district court for further proceedings.
NOTES
[1] We also note that it does not appear the attorney general was given notice of the constitutional challenge. See La. R.S. 49:257; see also Vallo, 94-1238 at p. 7, 646 So.2d at 864 ("the attorney general should be served a copy of the pleading which contests the constitutionality of a statute").