WEIMER, J.
concurring.
|TI concur in the majority’s decision to reverse the district court’s ruling finding LSA-C.Cr.P. art. 782(A) unconstitutional, but write separately to suggest it is unnecessary to reach the merits of the constitutional issue. Given the procedural posture of these cases, I believe that the question of the constitutionality of Article 782 is not ripe for adjudication because defendants have failed to demonstrate that they have standing to assert the constitutional claim.
As we have repeatedly and consistently recognized, while this court has the power and authority to address the constitutionality of state laws, we are not required to do so unless the procedural posture of the case and the relief sought by the appellant demand that we do so. State v. Matron, 07-2377, p. 13 (La.7/1/08), 985 So.2d 709, 718; State v. Mercadel, 03-3015, p. 7 (La.5/25/04), 874 So.2d 829, 834; Ring v. State, Department of Transportation and Development, 02-1367, pp. 6-7 (La.1/14/03), 835 So.2d 423, 428. One of the threshold issues that must be decided by a court before it may consider a constitutional challenge is whether the |2person challenging the provision has standing to assert the challenge. Mercadel, 03-3015 at pp. 7-8, 874 So.2d at 834. A person has standing to challenge the constitutionality of a legal provision only if he or she has rights in controversy, or more specifically, only if the provision seriously affects his or her rights. State v. Turner, 05-2425, p. 17 (La.7/10/06), 936 So.2d 89, 101; Mercadel, 03-3015 at p. 8, 874 So.2d at 834.
In this case, the defendants challenging the constitutionality of LSA-C.Cr.P. art. 782(A) on grounds that conviction by a non-unanimous jury violates the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution have not been convicted by a jury, either unanimously or non-unanimously. Therefore, they have not suffered any real harm, or been seriously adversely affected by the criminal code article challenged. Indeed, these defendants may be acquitted of the charges against them or unanimously convicted, in either of which events, the defendants will *744 not benefit from a judgment declaring LSA-C.Cr.P. art. 782(A) unconstitutional, and thus will have no rights in controversy-sufficient to give them standing to bring this challenge. If these defendants have no ultimate interest in, and will not benefit by, a decision declaring LSA-C.Cr.P. art. 782(A) unconstitutional, then any declaration of constitutionality at this juncture amounts to an impermissible advisory opinion. Ring, 02-1367 at pp. 8-9, 835 So.2d at 429.
Because I believe that the district court acted precipitously in ruling on the constitutionality of LSA-C.Cr.P. art. 782(A), I concur in the majority decision to the extent it reverses the district court’s ruling on the constitutionality of LSA.C.Cr.P. art. 782(A). I would not reach the merits of the constitutional question.