PER CURIAM.
 

 1 Appellant, Florida Gas Transmission Co., invokes the appellate jurisdiction of this court pursuant to La. Const, art. V, § 5(D), on the ground that the district
 
 *1220
 
 court made a determination that assessing the
 
 ad valorem
 
 taxes on the property of interstate pipeline companies at twenty-five percent of the properties’ fair market violated the Commence Clause of the United States Constitution. After the appeal was lodged, appellees filed a motion to dismiss the appeal for lack of jurisdiction.
 

 Pretermitting the merits of the case, we agree with appellees that the appeal is not properly before this court. Article V, § 5(D) of the Louisiana Constitution of 1974 vests appellate jurisdiction in this court in cases in which “a law or ordinance has been declared unconstitutional.” Nothing in the district court’s judgment declared a law or ordinance unconstitutional. To the contrary, the district court’s judgment provides it is “unnecessary for this Court to rule on the constitutionality of the language in Louisiana Revised Statutes 47:1851(G), (K), or (M).” [emphasis added]
 

 The confusion in this case appears to result from language in the district court’s judgment indicating that the “imposition of an assessment rate of twenty-five percent (25%) upon interstate natural gas pipelines and the imposition of a 15 percent (15%) rate of assessment upon intrastate natural gas pipelines is a violation of the Commerce Clause of the United States Constitutions [sic].” However, when the district court’s judgment is read in its entirety, it is clear that the district court | {¡concluded this constitutional dilemma could be avoided if the
 
 ad valorem
 
 taxes on all pipeline property (regardless of whether the pipeline operated in intrastate or interstate commerce) were calculated at the fifteen percent rate, as was done in
 
 Transcontinental Gas Pipe Line Corp. v. Louisiana Tax Com’n,
 
 05-2604 (La.App. 1 Cir. 3/31/06), 925 So.2d 777 (unpublished),
 
 writ denied,
 
 06-0988 (La.9/1/06), 936 So.2d 204, and
 
 ANR Pipeline Co. v. Louisiana Tax Com’n,
 
 05-1142 (La.App. 1 Cir. 9/7/05), 923 So.2d 81,
 
 writ denied,
 
 05-2372 (La.3/17/06), 925 So.2d 547. Thus, rather than rendering a declaration of unconstitutionality, the district court avoided reaching the constitutionality of the statutes, in accordance with the well-settled legal principle that courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, the resolution of this is essential to the decision of the case or controversy.
 
 M.J. Farms v. Exxon Mobil Coup.,
 
 07-2371 (La.7/1/08), 998 So.2d 16;
 
 Carmena v. East Baton Rouge Sheriff’s Office,
 
 06-2680 (La.2/2/07); 947 So.2d 715;
 
 Badeaux v. Southwest Computer Bureau, Inc.,
 
 05-0612 (La.3/17/06), 929 So.2d 1211;
 
 Cat’s Meow, Inc. v. City of New Orleans,
 
 98-0601 (La.10/20/98), 720 So.2d 1186;
 
 La. Assoc. Gen. Contractors, Inc. v. New Orleans Aviation Bd.,
 
 97-0752 (La.10/31/97), 701 So.2d 130.
 
 See also Matherne v. Gray Ins. Co.,
 
 95-0975, p. 3 (La.10/16/95), 661 So.2d 432, 434 (“[n]o rule of practice is better settled than ‘never to anticipate a question of constitutional law in advance of the necessity of deciding it’ ”) (quoting
 
 Communist Party of U.S. v. Subversive Activities and Control Board,
 
 367 U.S. 1, 72, 81 S.Ct. 1357, 1397, 6 L.Ed.2d 625 (1961)).
 

 Because there is no declaration of unconstitutionality in the district court’s judgment, there is no basis for the exercise of this court’s appellate jurisdiction. Appellate jurisdiction lies in the court of appeal. La. Const, art. V, § 10(A). | ^Accordingly, appellees’ motion to dismiss is granted, and the appeal is transferred to the court of appeal for consideration on the merits.
 

 MOTION GRANTED; APPEAL DISMISSED.