AMY, J.,
concurring in the result with separate reasons.
_JjI agree with the majority that an affirmation is required in this case. However, I do not reach the constitutional question as it was not raised nor addressed below. See State v. Mercadel, 03-3015, p. 8 (La.5/25/04), 874 So.2d 829, 834 (wherein the supreme court explained that “a court should avoid constitutional questions whenever the case can be disposed of on non-constitutional grounds”) and State v. Hatton, 07-2377, p. 18 (La.7/1/08), 985 So.2d 709, 721 (wherein the supreme court noted that “[a] judge’s sua sponte declaration of unconstitutionality is a derogation of the strong presumption of constitutionality accorded legislative enactments”). See also La.R.S. 13:4448.
In my opinion, this case is better and more simply resolved on the merits. As cited by the plaintiff, La.R.S. 13:4207 contains certain time delays associated with the rendering of a trial court’s judgment. The Supreme Court of Louisiana recognizes these time limits in its General Administrative Rules, Part G, § 2. Therein, the supreme court anticipates that, in fact, there will be cases in which the delays of La.R.S. 13:4207 will not be met. By this rule, the supreme court provides for the trial court to report to it, through the Judicial Administrator, “an explanation of the reasons for any delay and an expected date of decision.” La. Sup.Ct. Rule G, § 2(b).
|aThe record in this case contains the trial court’s reports to the Judicial Administrator apprising the supreme court of the reasons for delay and the anticipated date(s) of the forthcoming judgment. The “Reasons for Delay” portions of those reports list work-load related explanations. Under these circumstances, I find no error in the trial court’s denial of the writ of mandamus. I reach this finding, however, *481 notwithstanding the question of whether the statute is constitutional.
For these reasons, I concur in the resulted reached by the majority.