CLARK, Justice.
hWe granted this writ application in order to determine whether the trial court erred in granting defendant’s motion to quash his indictment. For the reasons that follow, we reverse the ruling of the trial court.
FACTS AND PROCEDURAL HISTORY
On June 1, 2009, officers were dispatched to a reported shooting at 300 N. 26th street in Baton Rouge. They found the victim, Ramon House, lying on the sidewalk, shot in the chest and ankle. Mr. House died of blood loss at the hospital shortly afterward. An eyewitness reported that defendant Joshua Dion Williams, age 19, and defendant’s friend, a juvenile, both shot the victim during a dispute over narcotics. On August 26, 2009, a grand jury in East Baton Rouge Parish indicted defendant for second degree murder. On February 5, 2010, defendant filed a motion to quash the indictment, in which he contended that La.C.Cr.P. art. 404(B), which provides that the judicial administrator of the 19th JDC shall perform the function of jury commission in East Baton Rouge Parish, is a special or local law prohibited by La. Const, art. Ill, § 12.[1]
*772 |2On April 20, 2010, the trial court held a hearing on defendant’s motion to quash. At that hearing, defendant argued that La.C.Cr.P. art. 404(B) was amended in 1975 to create a special rule that operates only in East Baton Rouge Parish in violation of the constitutional prohibition against special or local laws. In support, defendant referred the trial court to State v. Slay, 370 So.2d 508 (La.1979), which defendant characterized as holding that an enactment is suspect as a local law if its operation is limited to certain parishes unless the limitation results from a reasonable classification, such as population.[2] Defendant argued that because a prosecution must be instituted with a constitutionally valid grand jury indictment, his indictment should be quashed.
In response, the State alleged that defendant had not given notice of this constitutional challenge to the Attorney General, and the State further argued that this Court had rejected a similar claim in State v. Mercadel, 03-3015 (La.5/25/04), 874 So.2d 829, finding that the defendant in that case lacked standing. According to the State, whether a judicial administrator performs the function of jury commission does not affect the defendant. The State further argued that “the real distinction between public or general laws and local or special laws is that the former affects the community as a whole, whether throughout the state or one of its subdivisions, and the latter affects private persons, private property, private or local interests.” R. at 500. Because the provision at issue affects the community of East Baton Rouge Parish as a whole, the State contended, it is not a special or local law.
Defendant then argued that standing is conferred by La.C.Cr.P. art. 533, | ..¡which provides special grounds for a motion to quash a grand jury indictment, and that Mercadel is distinguishable on the basis that it did not involve the claim that a more recent amendment established a prohibited special or local law by effectively repealing the prior general provision.[3] At the close of the hearing, the trial court took the matter under advisement.
On April 29, 2010, the trial court granted defendant’s motion to quash. The trial court prefaced the ruling by disclaiming that the issue to be decided was one of constitutionality:
The issue which the court is called upon to decide is not a review of the constitutionality of the statute. The statute is not sought to be declared unconstitutional. It is not a motion that’s before the court to declare the statute *773 unconstitutional, which would involve a different procedure. Notice is required to the Attorney General and other proceedings would be held, but that is not the motion that is before the court.
R. at 510. The trial court then found that defendant had standing to complain that La.C.Cr.P. art. 404(B) was a special or local law prohibited by the constitution because the Code of Criminal Procedure provides a means to obtain relief by quashal. R. at 511-12. The trial court proceeded to consider whether Article 404(B) is a prohibited special or local law. The trial court found that this article operates only in East Baton Rouge Parish, that there is no indication that this restriction was based on population or other reasonable classifying characteristic, and no possibility that its reach would extend to other regions. R. at 512-14. Therefore, the trial court concluded that the Article is a special or local law within the meaning of the prohibition contained in the constitution and further that the indictment would be quashed:
|4I believe, based upon my knowledge as written, that the statute does not meet the requisite general law of Louisiana, and I must conclude that it is local and it is special. So based upon my analysis, officers, I do grant relief.
R. at 515. In response to the State’s request for clarification, the trial court reiterated that he was simply ordering the indictment quashed without finding that La.C.Cr.P. art. 404(B) is in violation of the state constitution:
And I did not address the constitutionality of this issue; that, even though the assertion may have been that it was perhaps unconstitutional, the mechanism that [defense counsel] has utilized here does not seek relief to declare the issue of constitutionality or non constitutionality. I have simply used [Article 538 of] the Code of Criminal Procedure method which gives him standing to assert an illegal proceeding.
So, no. The answer is no. I have not entered any declaration of the constitutionality of the statute.
[[Image here]]
I did not deny or grant relief on that. I have not commented one way or the other whether this statute is constitutional or not, and I’m not granting relief on that basis. I’m granting relief under the Code of Criminal Procedure. That’s my ruling.
R. at 517-18.
The State appealed the trial court’s ruling to the First Circuit Court of Appeal. In its brief, the State argued that: (1) the trial court abused its discretion in granting the motion to quash, in which the sole claim was that La.C.Cr.P. art. 404(B) is a special or local law prohibited by the Louisiana Constitution, while refusing to declare the article unconstitutional; (2) defendant lacked standing to challenge the article as a prohibited special or local law because he suffered no injury by application of the article, citing Mercadel; and (3) the article was not a prohibited special or local law because all citizens of Louisiana are interested in the jury commission and any citizen who moves into East Baton Rouge Parish will be affected equally by the article (citing State v. Dalon, 35 La. Ann. 1141 (1883)).[4]
*774 1 ¿Defendant moved to dismiss the appeal. In his motion to dismiss, defendant argued that the trial court’s ruling, notwithstanding the trial court’s statements to the contrary, can only be construed as quashing the indictment because Article 404(B) is a special or local law prohibited by the constitution. Therefore, defendant argued that this Court has exclusive appellate jurisdiction pursuant to La. Const, art. V, § 5(D). In response, the State argued that the trial court explicitly refused to consider the constitutional question. The State thus contended that the court of appeal had jurisdiction to find that the district court abused its discretion in quashing the indictment.
The court of appeal transferred the appeal to this Court. State v. Williams, 10-1385 (La.App. 1 Cir. 2/11/11), 2011 WL 2178753 (unpub’d). The panel reproduced the trial court’s reasons before finding that, despite the trial court’s disclaimer, the trial court’s ruling in its entirety shows that the court granted the motion to quash on the basis that Article 404(B) is a special or local law prohibited by the state constitution:
In his appeal brief, the defendant claims the district court’s ruling could only have been based on the constitutionality of the statute, because that was the sole claim asserted in the motion to quash. We agree. Considering the single claim raised by the defendant in his motion to quash, and the district court’s ruling in its entirety (which includes a discussion of the constitutionality of the statute), we find that the court clearly granted the motion to quash on the basis that the East Baton Rouge Parish grand jury procedure set forth in Article 404(B) is unconstitutional local and special legislation. Although the district court claimed to have been granting relief under the Code of Criminal Procedure, the record on appeal simply does not support this conclusion.
Williams, 10-1335 at 6. Therefore, the panel found that this Court has exclusive appellate jurisdiction:
Article V, § 5(D)(1) of the Louisiana Constitution grants appellate jurisdiction to the Louisiana Supreme Court in cases in |fiwhich a law has been declared unconstitutional. Although the district court stated it was not ruling on the issue of constitutionality, since the court specifically declared Article 404(B) to be a violation of the Louisiana Constitution’s prohibition against local and special legislation, the court’s ruling effectively declared the statute unconstitutional. Therefore, the Louisiana Supreme Court has exclusive appellate jurisdiction in this matter.
Williams, 10-1335 at 6-7.
LAW AND DISCUSSION
As an initial matter, the State contends that the trial court erred in granting the motion to quash while refusing to declare that the article violates the state constitution. The State contends that the only basis for quashal presented in defendant’s motion is that La.C.Cr.P. art. 404(B) is a special or local law prohibited by La. Const, art. Ill, § 12. Defendant agrees that the only ground for quashing the indictment is the unconstitutionality of Article 404(B) and argues that the result of the trial court’s ruling is correct. The court of appeal construed the trial court’s ruling as a determination of the article’s constitutionality, despite the trial court’s statement to the contrary. Therefore, the court of appeal determined that this Court has sole appellate jurisdiction pursuant to La. Const, art. V, § 5(D). This Court, therefore, must address the question of jurisdiction first. See, e.g., Anisman v. Stanolind Oil & Gas Co., 232 La. 514, 94 So.2d 650, 652 (1957) (“This Court, ex pro-prio motu, must determine whether it has appellate jurisdiction.”).
*775 Under La. Const, art. V, § 5(D), a case is appealable to this Court if a law or ordinance has been declared unconstitutional. “[W]here the jurisdiction of this court is dependent solely on the claim that a law has been declared unconstitutional, it must affirmatively and clearly appear that the judgment of the lower court was based wholly on the unconstitutionality of the law.” State v. Clement, 178 La. 93, 95, 150 So. 842, 842 (1933). Here, the trial court repeatedly stated that the court was not declaring La.C.Cr.P. art. 404(B) unconstitutional. However, the only ground for quashing the indictment asserted by defendant was 17that the article is unconstitutional; the only ground argued at the hearing was that the article is unconstitutional; and the only basis given for quashing the indictment by the trial judge was “based on my analysis ... I do grant relief,” which analysis considered only whether the article was a special or local law prohibited by the constitution. The trial court appeared to draw a procedural distinction between declaring the article unconstitutional and granting a motion to quash based on the underlying unconstitutionality of the article. Thus, the trial court quashed the indictment for reasons pertaining to the constitutionality of the article despite declining to declare the article unconstitutional.
Although this Court has on several occasions considered the extent of its appellate jurisdiction in light of the precise contours of trial court rulings, see, e.g., State v. Fleming, 01-2799, pp. 4-5 (La.6/21/02), 820 So.2d 467, 470 (finding that the trial court erred in declaring La.C.Cr.P. art. 413(C) unconstitutional as a local or special law after quashing the indictments because the article was applied in a discriminatory manner, and therefore transferring the matter to the court of appeal), the trial court’s deliberate distinction here presents us with an unusual problem.
We were presented with the inverse situation in Twin Parish Port Commission v. Berry Bros., Inc., 94-2594 (La.2/20/95), 650 So.2d 748, after the Port Commission unsuccessfully sought to enjoin Berry Brothers from constructing a natural gas storage facility on the basis that the proposed construction would violate a commission ordinance. The trial court rendered judgment in favor of Berry Brothers, finding that the ordinance was unconstitutional. However, this Court reviewed the record and found that the trial court had in fact ruled in favor of defendants because the ordinance was improperly enacted after failure to comply with statutory public hearing and notification requirements. “Without a substantive declaration of unconstitutionality,” we concluded that this Court had no appellate jurisdiction under La. Const, art. V, § 5(D). Twin Parish Port ^Commission, 94-2594 at 3, 650 So.2d at 749. In contrast, the record in the present case contains reasons that can fairly be characterized as “a substantive declaration of unconstitutionality,” despite the trial court’s contradictory disclaimers. There was no alternative statutory theory alleged or argued by the parties. Cf. State v. Hatton, 07-2377, pp. 18-19 (La.7/1/08), 985 So.2d 709, 721-22 (finding that the trial court erred in granting a motion to quash on constitutional grounds other than those properly asserted by the movant). Furthermore, the question whether the article is a prohibited special or local law was central to the trial court’s analysis. Compare Blocker v. City of New Orleans, 218 La. 669, 670, 50 So.2d 643 (1951) (characterizing the trial court’s discussion of constitutionality as “merely obiter”), with St. Charles Gaming Co., Inc. v. River Boat Gaming Com’n, 94-2697, p. 1 (La.11/10/94), 645 So.2d 208, 209 (per curiam) (finding that “the trial court declared a parish zoning ordinance unconstitutional in its written reasons for judgment [and that] declaration appears to be the basis *776 for the trial court’s preliminary injunction judgment and therefore cannot be considered as dictum”).
However, in the civil realm, this Court has recently declined to consider a trial court’s reasons when the ruling itself makes no declaration of unconstitutionality on the basis that “it is well-settled law that the trial court’s oral or written reasons form no part of the judgment.” Burmaster v. Plaquemines Parish Government, 07-1311, pp. 1-2 (La.8/31/07), 963 So.2d 378, 379 (per curiam).[5] Thus, the Court in Burmaster found that “[bjecause there is no Isdeclaration of unconstitutionality in the district court’s judgment, there is no basis for the exercise of this court’s appellate jurisdiction.” Burmaster, 07-1311 at 2, 963 So.2d at 379. Similarly, in Carmena v. East Baton Rouge Parish Sheriff’s Office, 06-2680, p. 2 (La.2/2/07), 947 So.2d 715, 716 (per curiam),[6] this Court found that “[bjecause there is no declaration of unconstitutionality in the district court’s judgment, there is no basis for the exercise of this court’s appellate jurisdiction.” The State in Carmena sought to invoke this Court’s appellate jurisdiction on the ground that the trial court had declared certain executive orders to be unconstitutional. This Court, however, reviewed the trial court’s judgment and found that it indicated that “the court merely granted defendants’ exception of prescription [and nothing] in the judgment declares a law or ordinance unconstitutional [although] the district court’s reasons for judgment discuss the constitutionality of the governor’s executive orders.” Carmena, 06-2680 at 2, 947 So.2d at 716. In Meaux v. Galtier, 07-2474, p. 1 (La.1/25/08), 972 So.2d 1137, 1137 (per curiam), the Court reiterated that “[although the district court’s reasons for judgment discuss the constitutionality of La. Civ.Code art. 191, it is well-settled law that the trial court’s oral or written reasons form no part of the judgment.”[7] *777 Therefore, the Court in Meaux found that “the appeal is not properly |10before this court.” Meaux, 07-2474 at 1, 972 So.2d at 1137. Finally, in Greater New Orleans Expressway Com’n v. Olivier, 02-2795 (La.11/18/03), 860 So.2d 22, this Court found that it lacked appellate jurisdiction over the Greater New Orleans Expressway Commission’s appeal of the denial of its request for writ of mandamus to compel two judges to collect an additional five dollar fine on any person found guilty of a motor vehicle offense committed on the Huey P. Long Bridge or Lake Pontchartrain Causeway. Defendants contended that the additional fine was unconstitutional and the district court agreed in written reasons for judgment. However, the judgment itself simply denied the petition for writ of mandamus. This Court found that “[bjecause the district court’s judgment did not declare La. R.S. 32:57(G) unconstitutional, we do not have appellate jurisdiction pursuant to the provisions of La. Const, art. V, § 5(D).” Greater New Orleans Expressway Com’n, 02-2795 at 4, 860 So.2d at 24.
The disjunction between the reasons and the judgment is greater in the present case than in those discussed above. In the reasons for judgment in Burmaster and Carmena, remarks regarding constitutionality were minimal. In contrast, in the present case, the trial court considered the constitutional question at great length. Further, the constitutionality of La.C.Cr.P. art. 404(B) was the sole ground for quashal raised by defendant, and the only substantive ground discussed by the trial court.[8] Finally, the judgments in Meaux and Greater New Orleans Expressway Commission were written judgments, which failed to declare the statutes at issue unconstitutional, whereas, here, the trial judge gave an oral ruling from the bench, directly after his discussion of whether the article was a local or special law in violation of the constitution, stating:
I believe, based upon my knowledge as written, that the statute does not meet the requisite general law of Louisiana, and I must |, conclude that it is local and it is special. So based upon my analysis, officers, I do grant relief.
R. at 515. Based upon the above language, it is readily apparent that, despite the trial judge’s protestations to the contrary, he granted the motion to quash the indictment because he found that Article 404(B) is a local or special law, i.e., unconstitutional.
Therefore, we distinguish the above cases on those grounds. Because, unlike Burmaster and Carmena, the record in this case contains reasons that can fairly be characterized as a substantive declaration of unconstitutionality, the case falls within our appellate jurisdiction.
Having determined that the matter is properly before this Court, the remaining questions to be resolved are whether defendant has standing to challenge the constitutionality of the Article and, if so, whether the Article is in fact a prohibited local or special law. The State argues that defendant lacks standing to challenge the constitutionality of La.C.Cr.P. art. 404(B) because he suffered no harm as a result of this provision. The State relies on Merca-del, in which this Court found that an indicted defendant lacked standing to challenge the constitutionality of several enactments relative to grand jury proceedings in Orleans Parish because he failed to show that their application had a serious effect on his rights. In the present case, *778 the State argues that defendant’s rights are likewise unaffected by the appointment of the judicial administrator to perform the role of jury commission.
Defendant argues that, by enacting La. C.Cr.P. art. 404(B), the legislature changed a general law by partial repeal into a special or local law prohibited by La. Const, art. 3, § 12 because it applies only to proceedings in criminal courts in East Baton Rouge. Defendant acknowledges Mercadel, but distinguishes it by asserting that the specific argument in the present case, i.e., that the amendment acted as a 112partial repeal of the prior general law, was not before the Court in Mercadel. Defendant argues that La.C.Cr.P. art. 533(1), which provides that a motion to quash may be based on the illegality of the manner of selection of the general venire, grand jury venire, or grand jury, confers standing and a mechanism by which the constitutionality of Article 404(B) can be challenged. Defendant contends that the article is a local or special law within the meaning of the constitution because it regulates the practice of the courts in one political subdivision only and defendant disputes the state’s assertion that the general public’s interest in the broad subject matter of a law is sufficient to render it a general law.
The Attorney General filed an amicus brief in support of the State. The amicus argues that the issue in the present case is identical to that previously addressed in Mercadel, which the amicus contends defendant fails to distinguish adequately. Because this Court determined in Merca-del that the method used to appoint a jury commission does not alone cause injury to a criminal defendant, the present defendant, who suffered no injury, lacks standing to challenge the provision that governs the appointment of the jury commission in East Baton Rouge Parish. The amicus also argues that the provision is not a local or special law because the jury commission in East Baton Rouge Parish plays an integral role in the administration of criminal justice in that parish and the administration of criminal justice is a subject of general interest statewide. The amicus compares the present article to statutes authorizing gaming operations in specific localities, which the amicus contends are not local or special laws because gaming is a statewide concern.
Statutes are presumed to be constitutional and the party challenging the validity of a statute generally has the burden of proving unconstitutionality. State v. Granger, 2007-2285, p. 6 (La.5/21/08), 982 So.2d 779, 787. As this Court has [ ^previously stated on many occasions, a court should avoid constitutional questions whenever the case can be disposed of on non-constitutional grounds. E.g., State v. Citizen, 2004-1841, p. 10 (La.4/1/05), 898 So.2d 325, 334. Further, a threshold issue that must be decided by a court before it may consider a constitutional challenge to a legal provision is whether the person challenging the provision has standing to do so. Greater New Orleans Expressway Comm’n v. Olivier, 2004-2147, p. 4 (La.1/19/05), 892 So.2d 570, 573. In order to have standing to challenge the constitutionality of a legal provision, the person bringing the challenge must have rights in controversy. Ring v. State, DOTD, 2002-1367, p. 7 (La.1/14/03), 835 So.2d 423, 428. More specifically, “[a] person can challenge the constitutionality of a statute only if the statute seriously affects his or her rights.” Mercadel, p. 9, 874 So.2d at 834.
In Mercadel, the state appealed directly to this Court after the trial court quashed the defendant’s indictment for first degree murder. By way of background, prior to deciding Mercadel, in State v. Dilosa, 02-2222 (La.6/27/03), 848 So.2d 546, this Court had struck down La.C.Cr.P. arts. 412, 413(C), 414(C), part of art. 413(B), and *779 R.S. 15:114 (governing the drawing and impaneling of grand jurors in Orleans Parish before amendment in 2001) as local laws prohibited by La. Const, art. Ill, § 12(A)(3) because the state failed to provide “any viable geographic or demographic necessity which would justify the existence of the unique grand jury procedures in Orleans Parish mandated by the statutes.” See Dilosa, 02-2222 at 5, 848 So.2d at 550. By the time Mercadel was indicted, the bulk of these enactments had been amended with a few exceptions such as R.S. 15:114. Mercadel, then, sought to quash his indictment contending that the vestigial provisions, as well as other enactments related to the administration of criminal justice in Orleans Parish that were not challenged in Dilosa, were prohibited local laws. The trial judge found that defendant suffered no prejudice as 114a result of any of the provisions, but, nonetheless, granted the motion to quash to encourage this Court to clarify matters. This Court declined the trial court’s invitation and, instead, found that Mercadel lacked standing to challenge the enactments because he suffered no harm from their operation, stating:
Finding that the defendant has no standing to challenge the laws because he has failed to establish that application of the subject criminal code articles and statutes had a serious effect on his rights, we reverse the district court judgment declaring the code articles and statutes unconstitutional and quashing the defendant’s indictment.
Mercadel, 08-3015 at 2, 874 So.2d at 831. The Court further stated:
In this case, the district court specifically found that the defendant had not suffered any real harm as a result of any of the subject criminal code articles and statutes challenged. Thus, the district court implicitly found that the defendant had failed to show that the code articles and statutes he has challenged seriously affected his rights, as required, in order for a person to have standing to bring a constitutional challenge. Once the district judge found that the defendant lacked standing to challenge the subject criminal code articles and statutes, it should have denied defendant’s motions to quash, rather than granting the motions for the purpose of inviting this court to “speak” to the constitutionality of the challenged provisions. We decline that invitation, and vacate the district court judgment declaring the subject criminal code articles and statutes unconstitutional and granting the motions to quash.
Mercadel, 03-3015 at 8, 874 So.2d at 834.
Here, defendant, like the defendant in Mercadel, has neither alleged nor proved that the subject Article had any serious effect on his rights, without which he lacks standing to challenge the constitutionality of the Article. Defendant has failed to show, or allege, that the circumstances of his indictment would have been any different had the grand jury selection process been conducted by a jury commission, rather than by the judicial administrator. Further, defendant’s counsel at oral argument was unable to articulate a single effect on defendant’s rights due to the grand jury selection process having been conducted by the judicial administrator rather than a jury commission.
Defendant argues, instead, that La. C.Cr.P. art. 533 provides standing. The | ^Article reads in pertinent part:
A motion to quash an indictment by a grand jury may also be based on one or more of the following grounds:
(1) The manner of selection of the general venire, the grand jury venire, or the grand jury was illegal.
[[Image here]]
La.C.Cr.P. art. 533.
Here, the manner of selection of the grand jury was not “illegal.” In fact, the *780 selection process comported exactly with La.C.Cr.P. art. 404(B), which is presumed to be constitutional. Defendant’s complaint, then, is not that the manner of selection of the grand jury was illegal in that it violated Article 404(B), it is that Article 404(B), itself, is unconstitutional. As stated above, a person can challenge the constitutionality of a statute only if the statute seriously affects his rights, and, here, the defendant has not made, or attempted to make, any showing that the Article does so.
Because defendant has not proved that the application of the article in question has “seriously affected” his rights, he lacks standing to challenge the constitutionality of the Article, and the trial court erred in reaching the question of constitutionality.
CONCLUSION
For the reasons set forth above, we reverse the trial court’s granting of defendant’s motion to quash his indictment, and remand to that court for further proceedings in accordance with this decision.
KIMBALL, Chief Justice, dissents and assigns reasons.
WEIMER, Justice, concurs and assigns reasons.

. In his motion to quash, defendant argued that Article 404(B) runs afoul of the constitu *772 tional prohibition in two ways. First, defendant argued that the article constituted a special or local law regulating the practice of a court, which is prohibited by La. Const, art. Ill, § 12(A)(3). Second, defendant argued that the article, when amended, effectuated a partial repeal of the prior existing general law, which is prohibited by La. Const, art. Ill, § 12(B).

. In Slay, three co-defendants who were charged with fishing with improperly sized nets unsuccessfully sought to quash the charging instruments on the basis that R.S. 56:322 violated the constitutional prohibition against local or special laws. In reversing the convictions on appeal, this Court found that the enactment provided no justification for regulating mesh size differently depending on location and that the rationale for the classification proposed by amicus Department of Wildlife and Fisheries was not reasonable.

. Throughout the hearing, defendant also argued that any ruling favorable to him should have only limited and prospective effect. He thus also distinguished Mercadel with the allegation that defense counsel in Mercadel had tried to "empty the jails in Orleans Parish.” R. at 502. The State, however, disputed that the remedy would apply only to defendant and contended that the natural effect of ruling in defendant’s favor would be that "every case indicted in East Baton Rouge Parish since the drafting of this article would, then, come under question.” R. at 503.

. The defendant in Dalon, who was convicted of arson in Orleans Parish, contended on appeal that the enactment which established the Criminal District Court for the Parish of Orleans was a special or local law prohibited by Articles 46 and 48 of the Louisiana Constitution then in force. Relying on earlier jurisprudence, the Dalon court rejected that claim as "perfectly preposterous, and so hollow that it cannot stand criticism” largely because of the necessity of having a criminal court in Orleans Parish.

.Burmaster is a brief per curiam in which it was noted that, although the state invoked the appellate jurisdiction of this Court pursuant to La. Const, art. V, § 5(D), a review of the trial court’s judgment "indicates the court merely denied defendant's exception of no cause of action ... [and nothing] in the judgment declares a law or ordinance unconstitutional ... [although] the district court's oral reasons for judgment discuss the constitutionality of [the enactment].” Burmaster, 07-1311 at 1, 963 So.2d at 378-79. Plaintiffs in Burmaster, who were residents of Plaque-mines Parish whose properties were flooded during hurricanes Katrina and Rita, filed suit against the parish government for negligent failure to maintain the levees. The parish responded with an exception of no cause of action based on a legislative enactment precluding any party from having a cause of action against a public entity for damages arising from those two hurricanes. Plaintiffs in opposing the exception contended that this enactment unconstitutionally divested them of property rights in violation of La. Const, art. I, § 9. The trial court's ruling stated simply that the exception was denied. In oral reasons for judgment, the court stated further that "the act was unconstitutional.”

. Plaintiffs Sandy Carmena and her family sued the sheriff's department and its deputies over their actions in a dispute between neighbors over a dog. Defendants, anticipating that plaintiffs would rely on executive orders that suspended prescriptive periods after hurricanes Katrina and Rita, argued that the governor exceeded her authority in issuing those orders. The trial court's ruling sustained defendant's exception of prescription. In written reasons, the trial court commented that the executive orders were "unconstitutional and without legal effect.”

. The plaintiff in Meaux sought to establish paternity in 2003 after the child’s birth in 1997. The custodial grandparents filed an exception of prescription based on a 2004 amendment establishing two-year prescriptive period for paternity actions. The trial court found that the custodial grandparents could not rely on the amendment because it had been declared unconstitutional in another court proceeding and therefore dismissed the exception of prescription.

. Furthermore, by law, the only ground available to the judge for granting the motion to quash was the one asserted by the defendant — that the article is unconstitutional. La. C.Cr.P. art. 536.