KIMBALL, Chief Justice,
dissents and assigns reasons.
hi respectfully dissent from the majority opinion because I believe this court lacks appellate jurisdiction in this matter. Louisiana Constitution article V, § 5(D) provides, in pertinent part, that “[A] case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional....” In the instant case, the district court’s oral ruling from the bench simply granted the defendant’s Motion to Quash. Nothing in the official criminal court minutes declares a law or ordinance unconstitutional. Although the transcript from the hearing on the motion to quash shows the district court judge discussed the constitutionality of Louisiana Code of Criminal Procedure article 404(B), it is well settled law that the trial court’s oral or written reasons form no part of the judgment.[1] Appeals are taken from the judgment, not the written reasons for judgment. See La. C.C.P. arts. 2082, 2088; Greater New Orleans Expressway Comm’n, 02-2795 at 3, 860 So.2d Rat 24 (citations omitted). Because there is no declaration of unconstitutionality in the district court’s judgment, there is no basis for the exercise of this court’s appellate jurisdiction. Burmaster, 07-1311 at 2, 963 So.2d at 379; Carmena, 06-2680 at 2, 947 So.2d at 716; Greater New Orleans Expressway Comm’n, 02-2795 at 4, 860 So.2d at 24; see Meaux, 07-2474 at 1, 972 So.2d at 1137. Thus, I would dismiss the appeal and remand the case to the district court for further proceedings.
The majority opinion attempts to distinguish Burmaster and Carmena by asserting the remarks regarding constitutionality in those cases “were minimal.” Op. p. 777. Both cases, however, merely state, “[although the district court’s reasons for judgment discuss the constitutionality of the [act at issue], it is well-settled law that the trial court’s oral or written reasons form no part of the judgment.” Burmas-ter, 07-1311 at 1, 963 So.2d at 379; Carme- *781 na, 06-2680 at 1, 947 So.2d at 716. The majority opinion also tries to distinguish Meaux and Greater New Orleans Expressway Comm’n because those cases involved written judgments that failed to declare the statutes at issue unconstitutional, and this case involves an oral ruling from the bench after a discussion of whether article 404(B) was a local or special law. Op. pp. 777-78. The majority opinion, however, fails to address how an oral ruling issued after a discussion of the constitutionality of article 404(B) is distinguishable from a written judgment issued after a discussion of the constitutionality of a statute in its written or oral reasons for judgment. In the present case, like Burmaster, Carme-na, Greater New Orleans Expressway Comm’n, and Meaux, the oral ruling from the bench does not declare article 404(B) unconstitutional. The criminal court minutes merely state, “[t]he Court GRANTED the defense motion to Quash Indictment.” Thus, there is no declaration of unconstitutionality.
The particular facts of this case, namely the district court judge’s repeated refusals to make a declaration of unconstitutionality, further show there was no ^declaration of unconstitutionality for this court to review. In the above eases, the district court “discussed” the constitutionality of the provisions at issue, with the district court in Greater New Orleans Expressway Comm’n declaring a statute unconstitutional in its written reasons for judgment. Greater New Orleans Expressway Comm’n, 02-2795 at 3, 860 So.2d at 23. In contrast, as the majority opinion points out, the district court judge specifically stated the issue before the court was not a review of the constitutionality of the statute, as the statute was not sought to be declared unconstitutional. Op. pp. 772-73. When the state sought clarification of the district court’s ruling, the district court again stated it did not address the constitutionality of article 404(B), it had “not entered any declaration of the constitutionality of the statute,” and it had “not commented one way or the other whether the statute is constitutional or not.” Instead, the district court granted relief under the Louisiana Code of Criminal Procedure. Op. p. 773. Thus, the district court’s discussion of constitutionality in this case appears to warrant the same result reached in Carmena, Burmaster, Greater New Orleans Expressway Comm’n, and Meaux, wherein this court concluded it did not have appellate jurisdiction and rémanded the case to the district court.
For these reasons, I respectfully dissent.

. See La. C.C.P. art. 1918; see also Meaux v. Galtier, 07-2474, p. 1 (La.1/25/08), 972 So.2d 1137, 1137; Burmaster v. Plaquemines Parish Government, 07-1311, p. 1 (La.8/31/07), 963 So.2d 378, 379; Carmena v. East Baton Rouge Parish Sheriff’s Office, 06-2680, p. 1 (La.2/2/07), 947 So.2d 715, 716; Haynes v. United Parcel Service, 05-2378, p. 7, n. 4 (La.7/6/06), 933 So.2d 765; Greater New Orleans Expressway Comm’n v. Olivier, 02-2795, p. 3 (La.11/18/03), 860 So.2d 22, 24 (Knoll, and Weimer, JJ., dissenting for reasons; Victory, J., dissenting for reasons assigned by Knoll and Weimer, JJ.).