PER CURIAM
[ i Defendants, the Louisiana Workforce Commission, the Louisiana Office of Workers’ Compensation, and numerous state officers (collectively referred to hereinafter as “State”), invoke the appellate jurisdiction of this court pursuant to La. Const, art. V, § 5(D), on the ground that the district court declared certain provisions of the medical treatment schedule contained in the Workers Compensation Act to be unconstitutional.
Pretermitting the merits, we find the appeal is not properly before this court. Article V, § 5(D) vests appellate jurisdiction in this court in cases in which “a law or ordinance has been declared unconstitutional. ...” A review of the district court’s judgment indicates the court permanently enjoined the application of certain medical treatment schedule provisions. However, nothing in the district court’s judgment declares a law or ordinance, unconstitutional.
Although the district court’s reasons for judgment discuss the constitutionality of the medical treatment schedule provisions, it is well-settled law that the district court’s oral or written reasons form no part of the judgment. In the absence of declaration of unconstitutionality in the district court’s judgment, this court lacks [ 2appellate jurisdiction. See Meaux v. Galtier, 07-2474 at p. 1 (La. 1/25/08), 972 So.2d 1137; Carmena v. East Baton Rouge Parish Sheriff’s Office, 06-2680 (La. 2/2/07), 947 So.2d 715; Burmaster v. Plaquemines Parish Government, 07-1311 (La. 8/31/07), 963 So.2d 378; Greater New Orleans Expressway Com’n v. Olivier, 02-2795 (La. 11/18/03), 860 So.2d 22.
Pursuant to La. Code Civ. P. art. 2162, “[i]f an appeal is taken to an appellate court which has no jurisdiction over it, the court may transfer the appeal to the proper court....” Accordingly, the appeal is hereby transferred to the Court of Appeal, First Circuit, for further proceedings.